## Stewart *against* The United States Insurance Company.

Trustees of a foreign corporation appointed by a court of equity, may maintain an action in their own names, upon a negotiable note, which came to their hands with the other assets of the institution.

A foreign corporation may maintain an action in its own name or that of its trustees in the courts of Pennsylvania.

' *Quære*—whether an agreement between a foreign banking institution and a citizen of Pennsylvania, by which the bank notes of the institution were to be kept in circulation, by.means of lending or discounting negotiable paper with them, is such an establishment of an office of discount in this state, as to be a violation of the act of the 28th of March 1808?

The plea of set-off can not be supported by a defendant, upon a claim against the plaintiff, acquired after the institution of the.suit.

. ERROR to the district court of *Allegheny* county.

' James Harwood, John B. Howell and Walter Fernandez, receivers of the United States Insurance Company of Baltimore against William Stewart. This was an action on the case in assumpsit founded upon a note of the defendant, William Stewart, to Robert Stewart, dated the 30th of December 1833, at six months, for 5144 dollars 17 cents, and which was endorsed by Robert Stewart, Sylvanus Lothrop, D. C. Stockton & Co., and W. H. Freeman

President.  Pleas non assumpsit, payment and set-off.  Replications and issues.

The facts of the case were that D. C. Stockton & Co., brokers, of Pittsburgh, entered into an arrangement with the Susquehanna Bridge and Banking Company of Baltimore, by which they were to receive 20,000 dollars of their bank notes and keep that amount in circulation, and remit the proceeds of it in other bank paper from time to time, as they could convert it.  For this 20,000 dollars they gave their own notes to the bank, and were charged three per cent. interest.  With these funds in their hands they made an agreement with William Stewart, the defendant, to discount the note now in suit, at six per cent interest, and upon the further condition that he would take the notes of the Susquehanna Bridge and Banking Company and aid in keeping them in circulation.  The note of Wm Stewart, with its endorsements, was forwarded by D. C. Stockton & Co. to Wm H. Freeman, President of the Susquehanna Bridge and Banking Company, and credited on the books of the bank to D. C. Stockton & Co.:  In January 1834, Wm H. Freeman procured from the United States Insurance Company of Baltimore a policy and gave at the time the same note of Wm Stewart as security for the same.  Freeman neither paid the note nor policy at maturity.  The Bridge and Banking Company and the Insurance Company both failed in April and May 1834.  Upon the failure of the Insurance Company the plaintiffs were appointed receivers of their assets by a court of equity.  The corporate powers of the Insurance Company are contained in the following clause of their charter:

Sect. 5. *And be it enacted,* That the president and directors shall have full power and authority to make insurances against all loss or damage from fire, flood or other casualty, and against all loss or damage from any cause, hazard or liability whatsoever, on and relating to factories, mills, bridges, and other works and buildings, and on goods, wares, and merchandises, choses in action, country produce, and personal property of every description, whether in store or transit; and they shall also have power and authority to make marine insurances, to loan money on bottomry and respondentia, and to make insurance on lives, to receive endowments, to grant annuities, to contract for reversionary payments, to make all kinds of contracts in which the casualties of life are involved, to provide for the investment of the funds of the corporation in such manner as they shall deem most safe and beneficial, and generally to make, execute and perfect, all such contracts, agreements and other instruments as may be found necessary to carry into effect the provisions of this law.

On the trial of the cause the defendant offered to set-off the notes of the Susquehanna Bridge and Banking Company against the plaintiff's claim, and it appeared he had obtained them after suit brought for the purpose of setting them off as a defence.

[Stewart v. The United States Insurance Company.]

The points made by defendant in the court below were:

1. That foreign corporations can not sue in the courts of Pennsylvania.

2. That the action can not be maintained in the names of the present plaintiffs.

3. The Insurance Company took the note as collateral security; they had no power to deal in negotiable paper. They did not receive the note in the usual course of business.

4. The notes of the bank as to them are, in equity, to be considered as gold and silver whether since suit brought or not.

5. The transaction was in violation of the act of 28th of March, 1808, which forbids the establishment of offices of discount in this state.

*Grier*, president, charged the jury upon all these points against the defendant, except the third, which he referred to the jury as a matter of fact. Verdict and judgment for plaintiff.

*Shales*, for plaintiff in error, on the first point, cited 1 *Brock. Rep.* 62; 6 *Binn.* 353; 7 *Serg. & Rawle* 487. On the second point, 8 *Gill & Johns.* 166: he also insisted upon the point that the whole transaction of the loan was in violation of the act of the 28th of March, 1808.

*Forward*, for defendant in error, was confined to the point whether the act of 1808 was not violated, and if so, whether it affected this transaction. He contended that the original arrangement between the Bank and Stockton & Co., was not in its nature the establishment of an office of discount; there was nothing in it by which the latter were to discount paper for the former, but the note in suit was discounted for themselves, and the fact of their having passed it afterwards to the bank, was optional with them, and not a part of their contract. They were not authorised to discount paper for the bank, and when they did it, it was at their own risk and for themselves. The bank was not bound to take from them such paper as they discounted.

The opinion of the court was delivered by

KENNEDY, J.—Upon examination of the record in this case, and the exceptions taken by the counsel for the plaintiff in error, we are unable to perceive any error in it; or that the learned judge of the district court committed any on the trial of the cause; unless it was in leaving it as a question of fact to the jury, to decide that the note in suit was not taken and received by the United States Insurance Company in the usual course of business; and if so, that they were not, therefore, to be regarded as *bona fide* holders of it; but as having taken it subject to every objection which could have been raised against the payment of it, by the plaintiff in error, in the hands of the Susquehanna Bridge and Banking Company. In

[Stewart v. The United States Insurance Company.]

this we think the learned judge erred; because, in our view of the evidence, it does not appear that any part of it tended, in the slightest degree, to prove that the United States Insurance Company did not receive the note in the usual course of business, for a valuable consideration, given by them for it, without any knowledge of the consideration and circumstances for and under which it was originally given, or that any objection could be made to the payment of it. There being then no such evidence given on the trial, the presumption was, that the United States Insurance Company were *bona fide* owners and holders of the note. And not only so, but this presumption was also supported by the positive and direct testimony of S. H. Fleetwood; and hence, the judge ought to have so instructed the jury. The plaintiff in error, however, can not take advantage of this error, because it could not possibly do him any prejudice, but might have operated in his favour with the jury. And besides, the jury have decided the issue, precisely as they would have done under a correct charge from his honour on this point; so that no ground of complaint, on account of it, remains to either party.

Seeing then the United States Insurance Company became *bona fide* holders of the note, in the usual course of business for a valuable consideration, the question whether our act of assembly, passed the 28th of March, 1808, forbidding any company incorporated in another state to establish a banking house, or office of discount and deposite in this state, under a penalty of 2000 dollars, was infringed by the Susquehannah Bridge and Banking Company or not, did not necessarily arise on the trial of the issue; and consequently need not be passed on here by us. We, therefore, wish it to be understood that we do not intend by our decision of the cause, to intimate any opinion whatever on that question. But in the decision of the district judge, given on all the other points, except the two already noticed, we concur most fully and decidedly.

Judgment affirmed.