# Hollister *versus* Davis *et al.*

1. In a suit on a bond against several, one being principal and the others
sureties, a debt due by the plaintiff to the principal may be set off.
2. The principal owed the plaintiff for rent for three years, the bond was
security for the rent of the first year; the plaintiff owed the principal on an
account running through the three years, the account of the first year being
less than that year's rent, and the whole account being larger. *Held*, that
the whole account should be first appropriated to the first year's rent.
3. Where the parties make no appropriation of payments, the law will
generally appropriate them to the oldest indebtedness.

March 12th 1867. Before Woodward, C. J., Thompson,
Strong and Agnew, JJ. Read, J., sick.

[Hollister v. Davis.]

Error to the Court of Common Pleas of *Wayne county*.

This was an action of debt to September Term 1864, by A. G. Hollister against Alvin Davis, Elizur Fessenden and others, on a bond dated March 29th 1861, from the defendants to the plaintiff.

On the same date with the bond the plaintiff leased a grist-mill to Davis, one of the defendants, for three years, at a rent of $700, with condition that he should give security each year for the rent. The other defendants agreed to become security for the *first* year's rent, and for that purpose executed with Davis the bond in suit, conditioned for the payment of $700 in one year, payable in quarterly payments. Davis occupied the premises nearly three years, and during all the time there was a running account between him and the plaintiff.

At the end of the first year the account against the plaintiff, without taking the rent into consideration, was $504.38, and at the end of the second year the amount of Davis's whole account against the plaintiff was $1188.90.

On the trial Van Camp, a witness of the plaintiff, testified that at the plaintiff's request, in February 1864, he got Davis's books to make a statement of their accounts, and that he found a balance of $386.50 due plaintiff at the end of the first year on account of the rent of that year; on the second year there was a balance due Davis on his accounts, the rent of that year being deducted; that he showed Davis the way the account was made up, and he said nothing. No application of the Davis's accounts was made by either of the parties.

The court (Barrett, P. J.) charged:—"As between Davis and Hollister the law would appropriate the amount to the oldest indebtedness.

"In February 1864 Hollister could not make an application of the money, because the law had already made it, and because the rights of third parties had intervened. The sureties of Davis were interested in the appropriation which the law had made.

"The law having appropriated the payments to the oldest indebtedness of Davis, and to the relief of the sureties, the plaintiff cannot recover upon this bond. The jury are therefore instructed to render a verdict for the defendants."

The verdict was for the defendants.

The case having been removed to the Supreme Court, the charge was assigned for error.

*C. P. Waller* and *F. M. Crane*, for plaintiff in error, cited Pierce v. Sweet, 9 Casey 151.

*S. M. Dimmick*, for defendants in error.

The opinion of the court was delivered, May 13th 1867, by

[Hollister *v.* Davis.]

THOMPSON, J.—The suit upon the bond in this case, was to enforce the payment of an alleged debt due by Davis ; and because it was also signed by others as sureties, that would not prevent him from setting off against it any just claim due him from the plaintiff.   He had a book account running through some two or three years, which after deducting from it the plaintiff's account which he also kept, he introduced the balance due him as a set-off.   There seems to have been no objection to the account as evidence, but only to its effect.   The learned judge was of opinion that it was a good set-off, and directed it to be allowed by the jury, inasmuch as there was no evidence that it had been appropriated by either of the parties on any other account or to any other claim. We see nothing in the testimony to show error in this ; and the law undoubtedly is, that where parties make no appropriation of payments, the law will, and generally to the first, or oldest indebtedness.   That was just what was done here.   Neither the nature of the transaction, nor the manner in which the defendant kept his accounts, nor the examination by Van Camp, and his report of the statement he had made of them, amounted to an appropriation of each year's book account to each year's rent ; and certainly Davis's reticence as to whether he assented to it or not, does not prove he did.   Van Camp and he were alone when the former communicated how he had cast up the accounts, and he made no reply.   He was not Davis's agent in doing it, but examined the books at the request of the plaintiff.   This, therefore, made out no appropriation to interfere with the set-off offered. The court could not go outside of the case, in the absence of an appropriation to see whether or not there were other parties interested in the subject of the set-off.   They could only deal with the case of the parties before them, and in doing it, we cannot discover any error that was made.   We must therefore affirm the judgment.

Judgment affirmed.