*Twenty-first Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

## MICHAEL STEPHENS *v.* THE GILBERTON COAL CO.

A judgment held by the defendant against the plaintiff before the commencement of a suit, may be given in evidence as a set off to plaintiff's claim.

An affidavit of defence is insufficient, unless it aver that the judgment against the plaintiff was owned and held by the defendant before the impetration of the writ.

Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.

Opinion by

WALKER J. The plaintiffs in this case obtained a judgment against the defendant before a justice of the peace, on 19 April, 1871, for $41.88.

The defendant appealed on 6th May, 1872, and the affidavit of defence filed under the 49th rule of court sets forth. "That to the defendant above named there was assigned part of a judgment to September Term, 1872, No. ——, against the plaintiff in this suit, which part of said judgment remains unpaid, and exceeds the amount of plaintiff's claim in this suit.

This the defendant contends is sufficient to go to a jury. The plaintiff on the other hand argues that the set-off can only be made after the

defendant has obtained his judgment through the inherent power of the court.

In determining the sufficiency of the affidavit, the first question presented is whether a judgment *properly* held by the defendant as a cross demand can be given in evidence against the plaintiff's claim at the trial.

The question is one of costs.  The authorities upon the subject of set-off are numerous and in some cases apparently conflicting.

In Metzgar *v.* Metzgar, 1 Rawle, 227, it is decided that a judgment may be set off before a jury against a demand not ascertained by judgment.

In Filbert *v.* Hawk, 8 Watts, 443, the same doctrine is reiterated, and the court held that even under the British statute of set-off it would be allowed, and that our defalcation act is much more comprehensive.    See Steighman *v.* Jeffries, 1 S. & R., 479 ; Hunt *v.* Gilmore, 9 P. F. S., 450.

In Ramsey's appeal, 2 Watts, 228, Gibson, C. J. says that judgments are set off against each other, not by force of the statute, but by the inherent power of the court immemorially exercised being almost the only equitable jurisdiction originally appertaining to them as courts of law.

Therefore it is decided that a justice of the peace has no power either by statute or otherwise, to set-off one judgment against another.    Kline *v.* McKee, 10 Wright, 519.

In Rider *v.* Johnson, 8 Harris, 190, Lewis, J. in speaking of a debtor holding a cross demand against his creditor with a view to a set-off, says :

He has as good a right to purchase a cross demand to extinguish the claim against himself by set-off, as he had to accomplish the same object by direct payment.    The case of Blair *v.* Mathcott's administrator, 10 Wright 262, decides that an obligor in a bond cannot defalcate against the assignee, of a bond, a claim or set-off which he holds against the first assignee and overrules Metzgar *v.* Metzgar on that point.    See also 2 Barr 103 ; and 10 Barr 428.    Thompson J. refers in Horton & Heil *v.* Miller, 10 Wright 256, to Filbert *v.* Hawk as the law, and also in the same opinion affirms Ramsey's appeal as to the inherent power of the court previous to 1836, on the question of set-off.

But a debt not a judgment cannot be set off to a judgment.    One judgment may be set off against another through the equitable powers of the court, but to a judgment rife for execution, there can be but one answer, pure and simple.    Thorp *v.* Wageforth, 6 P. F. S. 82, per Agnew J.

Unliquidated damages arising *ex contractu* from any bargain may be set off under the Pennsylvania defalcation act of 1705.    Purdon Dig. 331. whenever they are capable of liquidation by any known legal standard, per Sharswood J.    Hunt *v.* Gilmore, 9 P. F. S., 450.

And every purchaser of a chose in action not negotiable takes it subject to all the equities which the debtor may have when not previously inquired of concerning his defence.    Held also that a judgment is an equitable set-off against a recognizance.    Rider *v.* Johnson, affirmed per Lowrie, C. J.; Keazey et al. *v.* Commonwealth, 7 Wright, 70.

A set-off however is not admissible when the demand against the plaintiff arises from an act done by him of a tortious nature. Kachlein v. Ralston, 1 Y. 571; Dunlap v. Speer, 3 Binney 169; Steighman v. Jeffries, 1 S. & R. 479; Gough v. Jacoby, 5 S. & R. 122. "Nor can a judgment be paid by damage, for a breach of contract." Kennedy v. Kennedy, 5 Wr. 185. From these authorities it would appear that a judgment held by the defendant against the plaintiff at the institution of the suit, may be given in evidence at the trial as a set-off to plaintiff's claim.

But the affidavit is insufficient in another point of view :

1st: It does not aver that the defendant is the owner or purchaser of that part of the judgment proposed to be set off to plaintiff's claim.

2d. It does not aver that the defendant obtained or held this judgment at the time of the commencement of the suit in question.

The authorities on both points are uniform and conclusive. The first point is ruled in Speer v. Sterrett, 5 Casey 192. The court say, When a defendant attempts to prevent a recovery by setting up a cross demand, a note payable to another person *not negotiable,* he must show he was the *owner before the suit was commenced.* The mere possession of a non-negotiable note at the trial is no evidence that it was *purchased.*

In this case the affidavit fails to aver that the judgment was purchased or owned by the defendant—it simply sets forth it was assigned to him.

On the second point it is settled that the cross demand must be acquired before the proceedings *commenced,* and that a defendant may not set-off a demand acquired *after the action was instituted, nor may a plaintiff give evidence in a cause of action incomplete at the impetration of the writ.* Purnell v. Grubb, 1 Harris 552 : Reed v. Ingraham, 3 Dallas 505.

A defendant cannot avail himself of a set-off accrued to him *after* the commencement of the action. Per Yeates, J. Sparks v. Garrigues, 1 Binney 158; Rechter v. Sclin, 8 S. & R. 436. Per Duncan, J. Marshall v. Sheridan, 10 S. & R. 268. Per Gibson, J. Morrison v. Moreland, 15 S. & R. 61. Per Haslon, J. A set-off can only be made of a debt or demand which existed at the time of the commencement of the action, and the defendant *must be able to show that it was then his.* Huling v. Hugg, 1 W. & S. 418; Steward v. U. S. Ins. Co., 9 Watts 126. Smith for Cooper v. Ewer *et al.* 10 Harris 116. Speer v. Sterett, 5 Casey 192.

"An affidavit of defense should state specifically and at length the nature and character of the defense relied on and should set forth such facts, as will warrant the legal inference of a full and legal defense to the plaintiff's claim of action." Bryar v. Harrison, 1 Wright 233.

We do not presume that the defendant on a trial can prove more than what is contained in his affidavit, for as Judge Strong remarks in Black v. Halstead, 3 Wright 71, *"It is no unfair presumption that in swearing to a defense in his own language he (the defendant,) will state it at least as favorable to himself, as he can present it to a jury."*

Therefore, if nothing more was shown than the facts contained in the affidavit, the court at the trial would be bound to instruct the jury, that the defendant having failed to show that he owned that part of the judgment sought to be set off to the plaintiff's claim at the commencement of the suit, it would constitute no defense to the plaintiff's claim. The affidavit being, therefore, insufficient, the rule is made absolute.

*H. M. Darling,* Esq., for plaintiff. *O. P. Bechtel,* Esq., for defendant.