# Harmony Creamery Company *v.* Bickerton, Appellant.

*Promissory notes—Consideration—Forbearance.*

1. Where a person gives promissory notes as security for a judgment against a corporation, and it appears that at the time the notes were given the attorney for the judgment creditor stated that he was instructed to issue execution, and that unless the claim was secured it was his duty so to do, the maker of the notes cannot claim that there was no agreement for forbearance merely because the attorney did not expressly declare that he would not issue execution on the judgment. Forbearance in such a case is sufficient consideration.

*Promissory notes—Payment—Application of payments.*

2. In an action on the first of a series of promissory notes executed by two defendants, it appeared that the first defendant after suit was brought made a payment more than sufficient to cover the note in suit. He made no direction as to the application of this money, and it was received as a general payment on account of the debt. *Held*, that the second defendant had no standing to demand that the payment should have been applied to the note in suit and thus delay recovery against him until the other notes became due.

3. The fact that the plaintiff brought suit before the payment was made and persisted in a demand for payment by pressing the suit, is sufficient evidence of an election not to apply the amount paid to the amount in suit.

652   HARMONY CREAM. CO. *v.* BICKERTON, Appellant.

Statement of Facts—Assignment of Errors.   [57 Pa. Superior Ct.

Argued April 17, 1914.   Appeal, No. 85, April T., 1914, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1912, No. 913, on verdict for plaintiff in case of Harmony Creamery Company v. Thomas S. Bickerton, impleaded with M. H. Hoting.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit on a promissory note.   Before MACFARLANE, J.

At the trial it appeared that the note in suit was as follows:

"$1,000.                 PITTSBURG, PA., Oct. 11, 1911.

"Sixty days after date we promise to pay to the order of ourselves One Thousand Dollars at 1410 Berger Bldg., Pittsburg, Pa., without defalcation for value received, with interest.

                                         "M. H. HOTING,
                                         "THOMAS S. BICKERTON.

"Indorsed:
     "M. H. HOTING,
     "THOMAS S. BICKERTON."

There were three other notes given on the same day for the same amount payable 120, 180 and 240 days from date.   These notes were given by the defendants to Charles A. Locke, attorney for the Harmony Creamery Company, at a time when he was about to issue, under instructions, execution upon a judgment held by the Harmony Creamery Company against the Knickerbocker Ice Company.   The defenses and the evidence relating thereto are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,120.   Thomas S. Bickerton appealed.

*Error assigned* was in refusing binding instructions for defendant.

*R. A. Balph,* with him *James Balph,* for appellant.—
There was no consideration for the giving of the note:
Hargroves v. Cooke, 15 Ga. 321; Shupe v. Galbraith, 32
Pa. 10.

Forbearance without an agreement on the part of the
creditor to forbear will not be deemed a sufficient con-
sideration. There must be a promise for a promise:
Hoffman v. Mayaud, 93 Fed. Repr. 171; Shadburne v.
Daly, 76 Cal. 355; M'Farland v. Smith, 6 Cow. 669;
Cobb v. Page, 17 Pa. 469; Vehon v. Vehon, 70 Ill. App.
40; Beggs v. First Nat. Bank of Arcola, 134 Ill. App.
403; Shupe v. Galbraith, 32 Pa. 10.

The rule of law is well established that when an appro-
priation or application of a payment is not made by
either the debtor or the creditor, then the law will make
one to the debt oldest in point of time: Risher v. Risher,
194 Pa. 164; Souder v. Schechterly, 91 Pa. 83; Pardee
v. Markle, 111 Pa. 548.

*Charles A. Locke,* with him *Roger Knox,* for appellee.—
A promise of forbearance to issue an execution has al-
ways been considered a sufficient consideration when
communicated to the defendant: Brice v. Clark, 8 Pa.
301; Giles v. Ackles, 9 Pa. 147.

As it is well settled in Pennsylvania that the creditor
in the absence of an agreement or direction by the
debtor to the contrary has the right to make application
of payments made: Chestnut St. T. & S. Fund Co. v.
Hart, 217 Pa. 506; Risher v. Risher, 194 Pa. 164; Mar-
tin v. Draher, 5 Watts, 544.

The law favors the creditor always in the absence of
an application by either debtor or creditor, and will in
such cases make application in the way most beneficial
to the creditor, and, therefore, to the debt least secured
and most precarious: Pierce v. Sweet, 33 Pa. 151; Bell
v. Clark, 38 Pa. Superior Ct. 365; Blaney's Estate, 37
Pa. Superior Ct. 76.

OPINION BY TREXLER, J., July 15, 1914:

This is a suit on a promissory note. Two questions are involved. The first is, was there a consideration for the giving of the note? The Harmony Creamery Company had a judgment of $4,200 against the Knickerbocker Ice Co. Locke, the attorney for the creamery company, had instructions to issue execution on the judgment. The defendants gave four notes, each of $1,000 to the creamery company as security for the judgment. The consideration for the giving of the notes according to plaintiff's theory was the agreement on the part of Mr. Locke, acting for the creamery company, not to issue execution on the judgment, in other words, to forbear.

The testimony in the case discloses that Locke stated that he was instructed to issue execution; that unless the claim was secured it was his duty so to do; that Bickerton, the defendant, was present to take care of the execution and that the notes were given and accepted by Locke. Certainly it is drawing too fine a line to argue that because the attorney for the plaintiff did not expressly declare that he would not issue execution on the judgment that therefore there was no agreement for forbearance.

The learned trial judge submitted the matter to the jury in the following words, "If you find that Mr. Locke in this transaction with Mr. Bickerton took these notes in security for this debt, as I have explained it before in telling you what is meant by that, in consideration of his not issuing an execution, which he says he told them he was going to issue; if he told them that and took the notes in that way, then the plaintiff is entitled to recover." This was presenting the matter fairly. The point was not elaborated on for the evident reason that the defendant's version of the matter raised a defense of an entirely different character. He claims the notes were obtained by fraudulent representations.

That forbearance is sufficient consideration cannot be

questioned: Brice v. Clark, 8 Pa. 301; Giles v. Ackles, 9 Pa. 147; Saalfield v. Manrow, 165 Pa. 114.

The verdict of the jury being in favor of the plaintiff settled the question as to what the agreement of the parties was.

The other question in the case is as to the application of a payment made after suit brought. One, Rudolph Hoting, who was liable for part of the same debt, to secure which the four notes were given, gave to the plaintiff certain stock of the par value of $2,500, upon the sale of which $2,180 was realized. He gave no directions as to the application of this money. It was received as a general payment on account of the debt. According to Hoting's version he was not interested as to any particular application of the money as he claimed it was in discharge of his entire liability. The defendant claimed that the amount paid should be credited upon the notes first maturing, the effect of which would be to extinguish the note in suit. There are no other equities involved in this matter. It matters not how we apply the payment, the balance still due would be the same and the defendant's liability be the same. The only question would be whether part of the debt of $4,200 should be recovered in this suit, or whether the balance must be recovered in a subsequent suit. Thus, the only possible benefit to the defendant would be the delay in payment of the $1,000 involved in the present case. The payment having been made after suit brought plaintiff would still be entitled to its judgment for costs: Wagner v. Wagner, 9 Pa. 214; Summerson v. Hicks, 142 Pa. 344; Groff v. Ressler's Admr., 27 Pa. 71.

On the other hand, the plaintiff in the absence of any direction on the part of the person paying the money had the right to make any application it saw fit: Chestnut St. T. & S. Co. v. Hart, 217 Pa. 506; Risher v. Risher, 194 Pa. 164; Martin v. Draher, 5 Watts, 544; and as was most beneficial to itself and the debt least secured unless to the prejudice of a surety: Pierce v. Sweet, 33 Pa. 151;

Bell v. Clark, 38 Pa. Super. Ct. 365; Nat. Dep. Bank of Phila. v. Mawson, 46 Pa. Super. Ct. 85.

The plaintiff having brought suit before the payment was made, and its persisting in its demand for payment by pressing its suit was sufficient evidence of its election not to apply the amount paid to the amount in suit. Its officer testified at the trial he could have credited it on the first note but he did not.

All the exceptions are overruled and the judgment is affirmed.