## Silver, Appellant, v. Tomach.

*Promissory notes—Payment—Application of proceeds.*

In an action by the endorsee, after maturity, of certain promissory notes, where the defense was that the notes had been paid to the original payee before negotiation, the plaintiff should be allowed to prove that the sums so received were applied by the payee to other indebtedness of the defendant.

In the absence of any instructions to the contrary, the original payee of certain promissory notes had the right to make applications of payments by the maker of such notes to an open account between the parties, and did not necessarily have to apply the same to the liquidation of the notes.

Argued October 20, 1919. Appeal, No. 242, Oct. T., 1919, by plaintiff from judgment of Municipal Court of Philadelphia, April Term, 1916, No. 278, on verdict for defendant in the case of Joseph Silver v. Morris Tomach. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Reversed.

Assumpsit on promissory notes. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict for defendant and judgment was entered thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and answer to point as quoted in the opinion of the Superior Court.

*Maurice Rose,* and with him *William Ginsburg,* for appellant.—Where one is indebted to another on several obligations the creditor may, in the absence of specific instructions to the contrary, apply moneys paid by the debtor to any of the obligations he desires. The plaintiff should have been allowed to produce evidence showing the application of the money received from the defendant: Risher v. Risher, 194 Pa. 164; Pardee v. Markle, 111 Pa. 548; Souder v. Schechterly, 91 Pa. 83; Harmony v. Bickerton, 57 Pa. Superior Ct. 651; Christman v. Martin, 7 Pa. Superior Ct. 568; Phila. to use v. Trust Company, 38 Pa. Superior Ct. 286; Kahn v. Kahn, 259 Pa. 583.

*Michael Korn* and with him *Samuel W. Salus,* for appellee.

Opinion by Trexler, J., February 28, 1920:

This suit is brought on three promissory notes payable to the New Raincoat Co., each dated November 3, 1913, and each in the sum of two hundred dollars. The notes were endorsed over to the plaintiff, Joseph Silver, after maturity. The defense is that the notes were paid to the New Raincoat Co., prior to their negotiation. This, of course, if supported by credible testimony would be a complete defense. The plaintiff in his reply avers that the checks given by the defendant were not applied to the notes but were appropriated by the Raincoat Co., to other purposes, and that there were further moneys due to it.

At the trial it appeared that on November 4th, or 5th, 1913, there was a settlement made between the parties to the notes in which six notes including the ones in suit aggregating $1,150 were given for a like sum found due and owing. The defendant claims that the notes included the entire transaction. The payee denies this but asserts that defendant had goods to the amount of $363.80 for which he had not paid and which he was sup-

posed to return but did not. It was also alleged that on November 7, 1911, the defendant purchased goods to the amount of $1,264. That payments of $812 made thereafter and not designated by the defendant for appropriation to the liquidation of the notes was applied by the Raincoat Co., to the open account. We know no reason why the plaintiff should not have been allowed to fully and freely develop this line of proof. The trial judge throughout the trial refused to allow the plaintiff to show the items of the account between the parties to the notes at the time they were given, or thereafter, and refused the points submitted by the plaintiff in this regard. We will cite one for example, "No. 5. If the jury believe that on Nov. 5, 1913, there was a sum of $363 still due unto the said New Raincoat Company in addition to the $1,150 in notes, and that goods to that amount were supposed to be returned, but were never returned, and if, subsequent to that date, the jury further believes that the New Raincoat Company delivered merchandise to the extent of $1,264; then it was the privilege of the said New Raincoat Company to apply any payments made to it by the said defendant on account of the general running account instead of on account of the said notes, in the absence of any specific instructions to the contrary." This point should have been affirmed. It is hardly necessary to support the legal proposition that in the absence of instructions to the contrary the Raincoat Company had the right to make the application of the payments to the open account. We refer to the following cases from the many covering this subject: Kann v. Kann, 259 Pa. 583; Harmony Cream Co. v. Bickerton, 57 Pa. Superior Ct. 651.

The suggestion made by the judge on the trial that the issue as to the open account was not raised in the pleadings is not tenable as plaintiff in his reply, as noted above, stated that the checks were given for other purposes than in payment of the notes.

All the assignments of error are directed to the one question which we have discussed. The matters involved are fully covered in the point quoted above.

The judgment is reversed with a venire.