## JOHN SUMMERSON v. WILLIAM HICKS ET AL.

### APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF CLINTON COUNTY.

Argued March 18, 1891—Decided May 18, 1891.

(a) The right of a plaintiff in replevin to retain the property, replevied and delivered on his writ, depended on his payment of the price thereof on a conditional sale by the defendant.    Before suit brought, he had made

Statement of Facts.

a tender of the price, which, however, was not afterwards duly maintained on the trial.

(*b*) After the reversal of a judgment in his favor, with a venire de novo, by leave obtained the plaintiff paid into court the price of the property, with interest, and, also by leave, the amount was afterwards taken out of court by the defendant, the liability for costs to be determined by the court without a jury:

1. While the refusal of the first tender by the defendant, was an error, she did not thereby forfeit her right, under the contract, to hold the title and possession until actual payment; and the penalty for refusing the tender was payment of the costs when the plaintiff's demand was properly made: Summerson v. Hicks, 134 Pa. 566.

2. But the plaintiff, in seeking to recover possession, without actual payment or a tender duly maintained, was not in a position to maintain his action, and was therefore liable to the costs thereof; and bringing the money into court, after the first trial, carried with it the liability to costs accrued to that time.

3. Where a question, not raised in the court below, is raised on argument in the Supreme Court and treated by both parties as properly raised, without calling the attention of the court to it, the Supreme Court may pass upon the question as a basis of decision, with no intention of departing from the rule laid down in Phila. R. Co. v. Getz, 113 Pa. 214, and other cases: Per Mr. Justice MITCHELL.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 343 January Term 1891, Sup. Ct.; court below, No. 133 May Term 1886, C. P.

On July 5, 1890, the remittitur of Summerson v. Hicks, 134 Pa. 566, having been filed, the court below, upon the petition of John Summerson, the plaintiff, gave leave to said plaintiff to pay into court the amount tendered to the defendants, with interest, to wit, $157. Eo die, said amount paid into court. On September 13, 1890, the defendants filed their petition setting forth that they were willing to accept the money paid in, as the balance due them on the property replevied; asking for a rule to show cause why they should not take the money out of court, and why the plaintiff should not pay the costs of the suit. Rule granted. On Sept. 22d, it was agreed by the parties that the defendants should take out of court the money paid in, the question of costs to be determined by the court, without a jury, under the act of April 22, 1874, P. L. 109. On the same day, the defendants were paid the money, less

the prothonotary's commissions; and on October 8, 1890, it was agreed by paper filed, that the testimony contained in the paper-book of the appellants in the Supreme Court should be taken as full proof of the facts in the case.

The matter having been heard, the court, MAYER, P. J., on December 13, 1890, filed the following decision:

This case was submitted to the court under an agreement waiving trial by jury, as provided by the act of April 22, 1874.

### FINDINGS OF FACT.

This was an action of replevin brought by John Summerson against William Hicks and Mary Hicks, to recover possession of two horses and two sets of harness. The sheriff replevied the property and delivered it to the plaintiff.

On October 31, 1885, John Summerson purchased of the defendants two horses and two sets of harness for the price of two hundred and twenty-five dollars. The bargain was made with the defendants through one John Garsty. One hundred and twenty-five dollars was to be paid by the first day of April following. One hundred dollars was paid in cash and the horses delivered to the plaintiff, when a paper was executed which is as follows:

" This is to certify that I have this day leased to John Summerson 1 pair of dark bay horses for the sum of one hundred and twenty-five dollars, to be paid by the first of April 1886; and, in case the said John Summerson shall fail to make said payment as above agreed to me (Mary Hicks), then I shall have full and free possession of said horse team; and it is further agreed that the ownership shall remain in hands of Mary Hicks until payment is made in full.

MARY HICKS,          (Seal.)

JOHN SUMMERSON, (Seal.)"

" LEIDY, Pa., October 31, 1885."

The one hundred and twenty-five dollars being unpaid, Hicks, on the morning of April 1, 1886, took possession of the horses and harness from plaintiff's barn. On the afternoon of the same day, Garsty, on behalf of the plaintiff, went to Mrs. Hicks and tendered her the balance of the purchase money, one hundred and twenty-five dollars, which she declined to take. The money was not brought into court, at the time of the trial on March 4, 1889.

### Decision of Court below.

At the time of the trial of this case on March 4, 1889, defendant's counsel presented the following points upon which he requested the court to instruct the jury :

" 1. That, by the terms of the written contract of October 31, 1885, in evidence, time is made the essence of the contract; and if the jury believe that the sum of one hundred and twenty-five dollars thereby agreed to be paid by the plaintiff to the defendants ' by the first of April, 1886,' was not so paid, then the horses mentioned in said agreement were the property of the said Mary Hicks, or said defendants, and the verdict should be in favor of the defendants.

" Answer : This point we refuse.

" 2. Said written contract provided for the payment of $125 by the plaintiff to the said Mary Hicks ' by the first of April, 1886 ; ' and if the jury believe, from the evidence, such payment was not made or tendered to her before the first day of April, 1886, then the title to the horses mentioned in said agreement and in controversy in this suit was on said day in her, the said Mary Hicks, and the verdict of the jury should be in favor of the defendants.

" Answer : This point is also refused.

The court instructed the jury to find a verdict for the plaintiff, which was done. Judgment was then entered upon the verdict and the defendants took an appeal to the Supreme Court. The judgment of the Court of Common Pleas was reversed by the Supreme Court on the ground that the tender was not maintained by the plaintiff by bringing the money into court. The Supreme Court also construe the written paper as a contract of sale, and that by the terms of the written agreement time was not of its essence. In their opinion, they also say that the defendants were wrong in refusing the money when tendered on the first of April.

[This question of tender was not made in the court below, on the trial of the case, but it was reversed [raised?] by the Supreme Court, which was not in accordance with the rules laid down in some of the cases. See Phila. R. Co. v. Getz, 113 Pa. 214 ; Ritter v. Sieger, 105 Pa. 400 ; Fox v. Fox, 96 Pa. 60.] [1]

The question of tender was not made in the court below, and if it had been, we would no doubt have required the money to be paid into court. Since the reversal of the judgment, the

Opinion of the Court.

plaintiff has paid into court the amount of the money tendered, with interest upon it to the date of payment. [The defendants have come into court and asked to take this money out of court, which request was granted and the defendants have received the money tendered with interest] [2] from the date of the tender until it was paid into court.

CONCLUSIONS OF LAW.

[As the defendants "were wrong in not accepting the tender" and as they have now accepted it with interest, which is maintaining it, we are of the opinion that the plaintiff is entitled to recover, and judgment should be entered in his favor] [3] within thirty days by the prothonotary of the court, unless exceptions are filed by the defendants.*

—Exceptions to the decision having been filed and overruled, and judgment entered as directed, the defendants took this appeal, specifying that the court erred:

1, 2. In the findings of fact embraced in [ ] [1] [2]

3. In the conclusion of law embraced in [ ] [3]

4. In entering judgment for costs in favor of the plaintiff.

*Mr. Seymour D. Ball*, for the appellants.

On the fourth assignment, counsel cited: Sheredine v. Gaul, 2 Dall. 190; Cornell v. Green, 10 S. & R. 14; Harvey v. Hackley, 6 W. 264; Brightly on Costs, 281.

*Mr Jesse Merrill*, for the appellee.

Counsel cited: Work v. Macklay, 14 S. & R. 265.

OPINION, MR. JUSTICE MITCHELL:

This case is governed by the decision already made when it was here before: 134 Pa. 566. It was then held that the contract was one of sale, and that the title and the right of possession were in the vendor from April 1, 1886, until payment in full of the purchase money, or, of course, its equivalent, a tender duly maintained. The action was replevin, and, as it

---

* The foregoing decision is printed in full as presented in the paper-books, to indicate to auditors, masters and judges, the desirability of separate and distinct findings of fact and of law, whether the proceeding is under the act of April 22, 1874, P. L. 109, or not. Cf. Lewars v. Weaver, 121 Pa. 268.

stood when it was first tried in the court below, the plaintiff was endeavoring to retain the possession without either payment or a proper tender. This court decided that under the contract and the circumstances the right of possession was still in the vendor, and directed a venire de novo. If the case had proceeded to a new trial in the ordinary course, the plaintiff, not being able to prove either payment or tender maintained so as to be effectual, must have failed in the action. As the facts were apparently undisputed, he brought the money into court upon petition and leave granted; the defendant took the money out of court upon like leave; and the case was submitted to the judge without a jury, by agreement, under the act of 1874. The plaintiff thus completed his title to the horses, the defendant received the stipulated price, and the whole controversy was at an end, except as to the question of costs. The learned judge imposed these on the defendant, because she had been in the wrong in not accepting the money when it was offered to her on the day appointed. But, while this was an error on her part, she did not thereby forfeit her right under the contract to hold the title and possession until actual payment. The penalty for refusing the price of goods sold, when offered, is not the loss of the goods and the price, both or either, but the payment of the costs when the purchaser's demand is properly made. If plaintiff had brought the money into court with his writ, he would have been entitled to judgment. But, in seeking to recover possession without payment, he put himself as much in the wrong on the merits as the defendant already was, and what is more important he put himself in the wrong legally. From the time his writ issued until he brought the money into court, he never was in position to maintain his action, and was therefore always liable for the costs. Bringing the money into court after action begun was analogous to a plea of tender, and, by the settled rule, carried with it the liability for costs up to that time: Harvey v. Hackley, 6 W. 264. We see nothing in the agreement of submission to the judge without a jury to take the case out of the usual rule. The plaintiff, to maintain his tender, should also have paid costs up to that point, and then would have been entitled to judgment. Failing in this, the judgment must have been for defendant, with a retorno habendo, to be

satisfied on payment of the balance of the price due, and costs: Morris on Replevin, 3d ed., 215. This was the position of the present case up to the time of defendant's taking the money out of court, and her action in so doing did not forfeit her right to the costs which were then due her.

The learned judge in his opinion adverts to the fact that the question of tender was not made at the first trial in the court below, and suggests that the action of this court in reversing upon it was at variance with the rule laid down in Phila. R. Co. v. Getz, 113 Pa. 214, and other cases. It was not so intended. The question was argued here by both parties as if it were properly before us; see the reported arguments in 134 Pa. 568, 569, and was made the basis of the decision upon that view, with no intention of departing from the usual practice.

> Judgment reversed, and judgment for defendant for costs only.