Dragovich *v.* Greek Catholic Union of U. S. A., Inc., Appellant.

Argued May 8, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*W. W. Stoner,* with him *J. M. Stoner & Sons,* for appellant.

*J. Harry Pershing,* with him *Adam B. Shaffer,* for appellee.

OPINION BY KENWORTHEY, J., July 23, 1942:

This is an appeal by a fraternal benefit society from a judgment for death benefits provided in a certificate of membership.

The certificate was issued in 1933 to Frank Nagy.[1] The beneficiary named therein was Frank's wife. She died in 1927, and on March 13, 1928 Nagy, with the consent of the society, changed the designated beneficiaries to:

"Samuel Dragovich no relation amount $500

Anna Dragovich no relation amount $500"

Nagy died March 10, 1937. Samuel Dragovich predeceased him.

At the time Nagy's certificate was issued, the persons entitled to death benefits in such certificates were limited by law. Act of May 20, 1921, P. L. 916, Sec. 6, 40 PS 1017.[2] After designating certain relatives by blood and marriage who may take, the act provides: "If, after the issuance of the original certificate, *the member shall become dependent upon the charity of an individual* or an incorporated charitable institution, he shall, with the consent of the society, have the privilege of making such individual or institution his beneficiary." (Italics supplied.) Admittedly plaintiff was not one of the enumerated relatives. The burden was therefore upon her to prove that Nagy had become dependent upon her charity.[3]

The scope and purpose of the statute have been so comprehensively reviewed in the recent decisions of this court in *Petrik v. National Slovak Union (et al.),* 136

---

[1] This was a new certificate issued after the old certificate, in existence since 1909, had been called in.

[2] Repealed by Act of July 17, 1935, P. L. 1092, Sec. 41.

[3] It is not clear from the record whether this question was pre-

Pa. Superior Ct. 308, 7 A. (2d) 60, and *Mizanin v. Mihuc et al.*, 137 Pa. Superior Ct. 269, 8 A. (2d) 543, that it would be useless repetition to discuss them at length. In both cases it was held the evidence was sufficient to support a finding of dependency upon the charity of the plaintiff.

In the present case we find no such evidence.

The Dragovichs and Nagys had been friends and neighbors for many years. Plaintiff testified that after the death of Nagy's wife Nagy moved into the Dragovich home and, off and on until 1936, lived with them, without paying board, for periods as long as a month at a time. He apparently had a roving temperament and would come to live with them between jobs. If all the visits during the nine-year period were put together, they would have amounted to approximately two years. The Dragovichs lost all track of him in 1936 and didn't discover his death until about a year after it occurred. To our minds, the determinative failure of proof was the lack of any evidence that Nagy was, during any of the period, a needy person. The pertinent requirement of the Act, supra, that Nagy "become dependent upon the charity" of plaintiff involves the idea of need or want. As Judge RHODES said in the Petrik Case, supra at p. 316-317: " . . . . . . the apparent objective of the statute is to encourage the rendition of assistance to needy persons who may possess only this means [the death benefits] of reimbursing their benefactors to some extent." From all that appears, Nagy's visits emanated entirely from mutual friendship and he, at all times

sented to the lower court. But it is fundamental; it goes to the root of the right of recovery, and we are bound to consider it. *Kelly v. Pittsburg & Birmingham Traction Co.*, 204 Pa. 623, 626, 54 A. 482; *Hoffa v. Person*, 1 Pa. Superior Ct. 357, 364. In addition, it was argued by both sides in this court and appellee made no contention based on the fact it was being raised here for the first time. See *Summerson v. Hicks et al.*, 142 Pa. 344, 350, 21 A. 875.

during the period, had wholly adequate means of support. In this respect, the case differs materially from our previous decisions above referred to. We cannot infer he was dependent upon plaintiff's benefaction. The burden was on her to prove it.

Numerous additional questions have been raised by appellant which it is not necessary to consider.

Judgment is reversed and entered for defendant.