The opinion of the court was delivered by
DüNCAn, J.
The bill of exceptions, on a point of evidence, has been abandoned by the plaintiff in error.
The remaining point is, the alleged error in the charge of the court.
The note, payment of which was guaranteed by the plaintiff in error, became due the 7th May, 1819; the action on this guaranty, was brought the 14th July, 1819. The action was the first notice *201 be bad of the non-payment. Notice in due season had been given to the indorser. Whcn'the note became due, the drawer arid indorser were both insolvent.
The material question is, does a guarantor of a note, stand in the same situation with regard to notice, as parties to the note? This is not an action on the note, but on a collateral promise. Whatever vaccillation prevailed in the courts for a time, it is now settled, both in Westminster Halt, and this court, that insolvency of the drawer of a promissory note does not dispense with the necessity of a demand of payment, and notice to the indorser. Esdaile v. Sowerby, 11 East. 114. Barton v. Baker, 1 Serg. & Rawle, 334. As between the parties to this note, the rule is inflexible, unbinding, open to no inquiry, whether notice could have availed the indorser; for the holder has no right to judge what may be the remedies of the parties, and the original implied contract being, that as far as the nature of the original security will admit, the surety, paying the debt, will stand in the place of the creditor, Boultbee v. Stubbs, 18 Ves. Jr. 21., the presumption of law is that he is injured by want of notice. Death, bankruptcy, notorious insolvency, or the drawer’s being in prison, constitute no excuses, either at law or in equity; because many means may remain with him of obtaining payment, by the assistance of friends, or otherwise, of which it is reasonable the indorser should have an opportunity of availing himself; and it is not competent to the holder to show, that delay in giving notice has not, in fact, been prejudicial. Haynes v. Birk, 3 Bos. & Pull. 606. Nor will knowledge of the insolvency of the drawer, ánd non-payment of the note, be equivalent to due notice being given by the holder. Nicholson v. Gouthit, 2 H. Bl. 612, Staples v. Okines, 1 Esp. Hep. 332. Esdaile v. Sowerby, 11 East. 117.
In the ease of Nicholson v. Gouthit, before referred to, the indorsement was by way of guaranty, and it was held to be liable to all the legal consequences of an indorsement. That was an action on the indorsement. But in Warringtvn v. Furbor, 8 East. 242., where the guaranty was not by indorsement, and the action brought on the contract, Lord Ellenbohou&h observed, that <e the same strictness of proof, is not necessary, to charge the guarantees, as would have been necessary to support an action on the bill itself, where by the law merchant, a demand and refusal by the acceptor, ought to have been proved to charge any other party upon the bill, and this notwithstanding his bankruptcy. But this is not necessary to charge guarantees, who insure, as it were, the solvency of the principal, and therefore, if he becomes bankrupt and notoriously insolvent, it is the same as if he were dead, and it is nugatory to go through the ceremony of making a demand upon him.” Geose, Justice said, “the necessity of a demand, notwithstanding the bankruptcy of the acceptor, in order to charge the drawer or indorser of a bill, was founded solely, on the custom *202 of merchants/’ and Le Blanc, Justice says, “there is no need of the same proof, to charge a guarantee, as a party, whose name is on a bill of exchange, for it is sufficient against the former to show, that the holder of the bill could not have obtained the money by making a demand on it/’ and Lawbence, Justice, “though proof of demand on bankrupt acceptors, is not necessary to charge a guarantee, yet the latter is not prevented from showing, he ought not to have been called upon at all.”
In Philips v. Aston, 2 Taunt. 206, which was on the guaranty, not by indorsement, the acceptor was neither bankrupt nor insolvent, when the bill became due, and no steps taken to procure payment from a solvent acceptor. It was held, that this discharged the guarantor.
I think, upon a review of these cases, the line is clearly marked out. It is this: that the guarantor., is discharged, if notice is not given of non-payment to him, that he may avail himself of the. want of proper presentment and demand, and of due notice of nonpayment, where the drawer and indorser, or either of them are solvent at the time the note became due. But when both are then insolvent, this would be prima facie evidence, that a demand on them, and notice to the guarantor, would be of no avail, and, therefore, the giving notice to a guarantor, not a party to the bill, would be dispensed with, the presumption being, that the guarantor.was not prejudiced by the want of notice. Chitty on Bills, 262. It is not necessary, however, to go farther in this case than to decide, that demand having been seasonably made, on the drawer and in-dorser, both then insolvent, the guarantor might be resorted to for payment, without notice of the non-payment, and that he would be liable, unless he proved he was prejudiced by the want of notice. Without particularly canvassing every thing that was said by the court, by way of illustration, on the general view of the case, it is sufficient for the court' to say, there was no erroif in the charge to prejudice the plaintiff.
There is great truth in the observation of Mr. Justice Story, in Evans v. Eaton, 7 Wheat. 426, that spreading a charge in ex-tenso, on the record, is an inconvenient practice, and may give rise to minute criticisms and observations upon points incidentally introduced for purposes of argument and illustration, by no means essential to the merits of the cause. And the principle laid down by the Supreme Courtof the United States, inthatcase, is perfectly just, and ought to be applied to opinions filed under the act of assembly; that in causes of this nature, the substance only of the charge is to be examined, and if it appears on the whole, that the law was justly expounded to thejury, general expressions, which may need and would receive qualification, if they were the direct point in judgment, are to be understood in such restricted sense.
It is proper to notice one objection of the plaintiff in error, that notice being alleged, it must be proved. This averment, the ac *203 tion not being on the note, the plaintiff in error being no party to it, was impertinent, not immaterial. The allegation di'd not relate to the point in question, the ssepius requisitas being sufficient, as the bringing an action is a sufficient request, in all these cases where the money is due and payable immediatly, 1 William’s Saund. 33; and it is the duty of the guarantor to see the debt is paid. King v. Baldwin, 2 Johns. Ch. 559. Nothing can discharge the guarantor but some act done which alters his situation. 1 Mason, 539.
The allegation of special notice may be struck out-of the decía-ration, as it is framed, and rejected as impertinence and surplusage. The difference is well known between immaterial averments, which must be proved, and impertinent ones which may be rejected. Savage quitam v. Smith, 2 Wm. Bl. 1106. Averment of notice is not necessary, where the matter was equally within the knowledge of the obligor and' obligee. It is necessary where the plaintiff^ demand arises in secret. If a man is bound to another, to indemnify him against the act of a third person, notice is not necessary to be given by the obligee to the obligor. 1 Saund. 116. So if a man is bound, or assumes to pay money, on the performance of an act by a stranger, notice need not be alleged; for it lies in defendant’s cognizance, as well as the plaintiffs, and he ought to take notice of it. 5 Com. Dig. 53. So, if he assume to pay, if A. do not pay. Ibid. Cro. Jac. 68.
But if it were necessary to aver notice, as a condition precedent to the right of recovery, yet if there exists such matter in evidence, as dispenses with the proof of it, as here the insolvency of the drawer and indorser, this will be the same thing, as if it were proved.
■ Judgment affirmed.a

(a) See Murray v. King, 5 Barn. &. Ald. 165. (7 Serg. & Lowb. Ab. ’57.)