## Leech *against* Hill.

Where a note is drawn and indorsed out of the usual form, it is to be construed according to the understanding of the parties.

Where an indorsement of a note, not negotiable, by one not party to it, is intended by all concerned as a guarantee, the holder may write, over the blank indorsement, an engagement to that effect.

If the maker of such a note is known by the indorser, before its maturity, to be insolvent, notice of non payment is unnecessary.

ERROR to the district court of *Alleghany* county.

Arundel Hill against John Leech.    This was an action of *assumpsit* in which the following facts appeared :

Alexander W. Sample, who was engaged in mercantile business, being in need of money, had made application to the plaintiff for a loan.   The plaintiff agreed to let him have it, provided he could get sufficient security.   He mentioned the name of Leech and his mother, as persons that would probably be his security, whom the plaintiff agreed to accept.   Sample then made application to the defendant, stating that he could get 1100 dollars from the plaintiff, provided the defendant would be his security.   The defendant stated that he would willingly be his security for that amount ; took a blank note in the common form, filled it up, handed it to Sample to sign, and he himself indorsed it in blank.   The note was afterwards taken to Canonsburgh, where Sample's mother resided, and it was indorsed by her also ; after which, money was obtained to the amount of it from the plaintiff, who was informed of all the circumstances. Six months before this note became due, Sample, the maker, became insolvent, and assigned all his property to the defendant and another, for the benefit of his creditors.   Shortly after the assignment, the defendant requested the plaintiff (who was made one of the preferred creditors on condition of his releasing), to release his debt ; promising that he would be good for the balance, or whatever should not be paid by the assignees of Sample.   The plaintiff, though at first unwilling, not knowing what the consequences of a release would be, assented to sign the release; but owing to the paper not arriving in time, he went away without doing it.   No formal demand for the amount of the note was made on Sample the maker, but, on request of payment being made of the defendant, he acknowledged his liability to pay, requested time, and offered security ; but afterwards, on consulting counsel, and supposing himself not liable as indorser, because regular demand was not made of the maker, he refused to pay it, altogether; and the question now is, whether, under these circumstances, he is bound to pay the amount.

The note is in the usual form, viz. :  Twelve months after date I

[Leech v. Hill.]

promise to pay Arundel Hill or order 1166 dollars, without defalcation, for value received.　It was dated October 1st, 1832, and signed A. W. Sample.　Over the blank indorsement of the defendant, the plaintiff's counsel have written the following words : " I am surety to Arundel Hill for the payment of this note."

The court (Grier president) charged the jury that the plaintiff was entitled to recover.

*M'Candless* and *Fetterman*, for plaintiff in error, contended, that the liability of the defendant was that of an indorser, and he was entitled to all the advantages of an indorser, such as a previous demand of the drawer and notice of non payment ; and cited, 10 *Wend. Rep.* 516 ; 3 *Kent* 89 ; Folwell *v.* Beaver, 13 *Serg. & Rawle* 311 ; Wilkinson *v.* Nicklin, 2 *Dall.* 396 ; *Bailey on Bills* 200.　The promise of the defendant to pay can have no legal operation to bind him if he were not previously liable : such promise was in ignorance of his rights.　Warder *v.* Tucker, 7 *Mass. Rep.* 449 ; May *v.* Coffin, 4 *Mass. Rep.* 341 ; Trimble *v.* Thorne, 16 *Johns.* 154.

*Forward,* for defendant in error, contended, that the transaction was not a mercantile one, and must be governed by rules applicable to the special circumstances of the case which may be made to appear by parol evidence ; and cited, Herrick *v.* Carman, 12 *Johns.* 159 ; Nelson *v.* Dubois, 13 *Johns.* 175 ; Josselyn *v.* Ames, 3 *Mass. Rep.* 274 ; Duncan *v.* M'Cullough, 4 *Serg. & Rawle* 480 ; Hunt *v.* Adams, 5 *Mass. Rep.* 358 ; White *v.* Howland, 9 *Mass. Rep.* 314 ; *Doug.* 514 ; 1 *H. Black.* 313 ; 5 *Cranch* 151 ; Campbell *v.* Butler, 14 *Johns.* 349 ; Tillman *v.* Wheeler, 17 *Johns.* 326 ; 8 *Pick.* 122 ; Folwell *v.* Beaver, 13 *Serg. & Rawle* 315 ; *Bailey on Bills* 170 ; Bond *v.* Farnham, 5 *Mass. Rep.* 170.

The opinion of the Court was delivered by

SERGEANT, J.—When bills of exchange and promissory notes are drawn according to the established usage amongst merchants, they have certain properties by law annexed to them, which are well defined, and are presumed to be known to all that become parties to these instruments.　If a note be indorsed by the payee, to whose order it is drawn, such indorsement is an undertaking by him to pay the amount at the time appointed, if the maker do not, provided the holder takes care to make a demand on the maker, and to give due notice to the indorser on default of payment.　But where a note is drawn and indorsed out of the usual form, it is an anomalous instrument : and I know no other rule by which it is to be construed than according to the contract and understanding of the parties exhibited in the evidence.　What would be the effect of a blank indorsement of a note drawn to the order of another person, unaccompanied by evidence, it is unnecessary to examine.　In the case before us, the evidence is clear, that the indorsement was intended by all concerned

[Leech v. Hill.]

to be a security to Hill, for a loan of money to Sample, and that the note was drawn in its present shape by Sample, who acted as the agent of all parties. It being impossible, on account of the informality of the instrument, to treat it as a negotiable note, it can be considered in no other light than as an agreement of the defendant to become the surety or guarantor of the note, and as authorizing the plaintiff to write over his signature an engagement to that effect. In so doing he expressed no more than was tacitly implied by the contract and understanding of the parties. The cases cited by the plaintiff's counsel show that it has been so viewed by the courts of Massachusetts and New York, and it seems impossible to give any other construction to the transaction.

If the defendant stood in the light of a guarantor, then, according to the opinion of this court in Gibbs v. Cannon, 9 *Serg. & Rawle* 198, the plaintiff was not subject to all the duties of a holder of a note towards an indorser; but if the maker was known by the defendant before and at the time when the note was payable to be insolvent, notice of non payment was not requisite. Whether the guarantee was contained in the same or a different instrument, can make no difference in its legal effect. We are therefore of opinion that there was no error in the charge of the court below.

Judgment affirmed.