## O'Brien *against* Davis.

In an action by an endorsee against an endorser, the drawer of the note is a competent witness to prove, that the note, although purporting to be negotiable, was not so in fact as between the parties to the action ; and that the endorsements upon the note did not exhibit truly the order in which they were made.

ERROR to the common pleas of *Allegheny* county.

Joseph O'Brien against Robert Davis.   This action was instituted upon a note drawn as follows:

Pittsburgh, March 26th 1833.—Six months after date, I promise to pay to Joseph O'Brien or order, 69 dollars 70 cents without defalcation, value received.                          J. B. M'KOWN.

Endorsed.—Joseph O'Brien, Robert Davis, James Kelly.

Over the blank endorsement of the defendant, Robert Davis, the plaintiff's counsel wrote: " I am surety to Joseph O'Brien for the payment of this note."

The plaintiff to support the issue on his part, offered in evidence, the deposition of J. B. M'Kown, the drawer of the note upon which this action was instituted, for the purpose of showing that this note although negotiable, and negotiated on its face, is not of the character it purports to be, and that the name of Robert Davis, the endorser, was on the note before Joseph O'Brien's name was placed thereto, to which defendant's attorney objected. *Per Curiam*, the case cited from 4 *Watts* 448, does not overrule that in 9 *Serg. & Rawle* 236; indeed, the point now raised, does not seem to have been made in the case of Leech *v.* Hill.   Pursuing, therefore, what we conceive to be the rule of law, as established by adjudged cases, that a party to a negotiable note and negotiated paper, cannot be made a witness to show, that the paper, although negotiable, is in truth of a different character, and that the names on the note, ought in truth to be reversed or differently placed; the court overrule the testimony.   At plaintiff's instance, the court sealed a bill of exceptions.

Plaintiff also offered James Kelly, an endorser on the same note, as a witness for the same purpose as that contained in the offer by M'Kown.

To which defendant's counsel objected.   The court overruled the testimony, to which plaintiff's counsel excepted.

Plaintiff's counsel then called James H. Stewart and William Lecky, who having proved the signatures of J. B. M'Kown and Robert Davis, plaintiff offered in evidence, the note of J. B. M'Kown, dated the 26th of March 1833, at six months, for 69 dollars 70 cents in favour of Joseph O'Brien, and endorsed by O'Brien,

[O'Brien v. Davis.]

Davis and Kelly, which was objected to by defendant's counsel; the testimony was rejected by the court, and exception taken by the plaintiff's counsel.

*M' Candless*, for plaintiff in error, cited 4 *Watts* 448; *Bailey on Bills* 372; 16 *Johns.* 70; 7 *Term Rep.* 601; 6 *Serg. & Rawle* 113.

*Metcalf*, contra, cited 9 *Serg. & Rawle* 236; 2 *Watts* 265.

The opinion of the Court was delivered by

GIBSON, C. J.—We have long restricted the rule in Walton *v.* Shelly, to responsibilities from endorsement in the regular course; and the difficulty here, is in the apparent position of the witness as an indorser, called to prove the contest to be in fact, betwixt original parties appearing not to be such on the note; and this, in seeming contradiction of Griffith *v.* Reford, 1 *Rawle* 196; in which, the drawer, whose name had given credit to the paper, was not suffered to make himself a witness against an endorsee, by proving the consideration usurious. The action there, however, was by an endorsee against an endorser; and the position of the witness as the drawer, furnished a *prima facie* objection to his competency, which he himself was incompetent to remove. Here, his position is exactly the reverse. The action is by the first endorser against his immediate endorsee; and being in disaffirmance of the endorsement, it is not founded on that responsibility which it is the business of the rule to protect. The very nature of the demand rebuts the commercial character of the transaction, which prevailed in Griffith *v.* Reford. The plaintiff, who has again become the holder by payment to the bank, attempts, on the authority of Leech *v.* Hill, 4 *Watts* 448, to enforce paramount, the actual endorsement, a special agreement put in writing inaccurately, or rather not at all, by the unskilfulness of the scrivener; of which, the defendant's name is proposed to be used as a part of the written evidence. Now the rule obtains for the protection only of a holder, and one who became so by endorsement, as is evident from the fact that it has no place where the paper has not been negotiated; and it consequently disqualifies no one who did not precede him in the order of negotiation; for the policy which protects him, regards but those whose names induced him to become a party to the transaction. Why might he not obviate all pretence for objection by striking out, as he may do in other cases, the name of the witness as a subsequent endorser? The defendant could not prevent it, or object to it, because he cannot have recourse to the witness on any event, and because, whatever of mercantile responsibility there may be on the part of those who preceded him, would be unaffected by it. However that may be, it is more than questionable, whether the rule holds in any case where the action is collateral to the endorsement. The extension of it is certainly not to be encouraged; for

that it continues to receive even a qualified allegiance, is due to the consideration that it originated in the notion of an extraordinary man. Its operation is restricted where it has not been abolished; and that it will in time become extinct among us, as it already is in England and most of the American states, requires but little skill in divination to predict; and though we are still bound to enforce it in proper cases, we are not bound to enlarge the field of its action. The other exceptions turn on the same point, and require no particular illustration.

Judgment reversed, and a *venire facias de novo* awarded.