Bartley, J.
The undertaking of the defendant declared on, in the original action in the court below, constituted a guaranty of the payment of Boner’s note, after proceedings for the collection of the same had been prosecuted to final process. And the questions-which arise for determination are the following :
1. Whether the plaintiff’s right of recovery in the court below; could be defeated by want of evidence of notice to the defendant of the default of the maker of the note; and, if not,
*2 Whether it was defeated by the delay which occurred in the prosecution of the claim to final process.
Of these, in their order.
1. The rule in regard to demand of payment and notice of the default, required to charge indorsers of negotiable paper, is not applicable to guarantees. In the former, the demand and notice is, by an arbitrary rule of the law merchant, strictly required, as a condition precedent to liability; while, in the latter, the demand and notice of the default of the principal, is a simple duty required of the holder, with a view of saving the guarantor from actual loss, which may arise from want of convenient and certain means of knowledge. There are several classes of guaranties, in which demand and notice are not required at all. For instance, where a is in the nature of a simple security, undertaken origin *267 ¡ally, and with the principal, that a debt shall be paid, or some other .act be done, the liability attaches without demand of payment and notice of the default. Chapin v. Lapham, 20 Pick. 467. So, where the undertaking is an absolute and independent stipulation to pay the debt of another at all events, no demand and notice is said to be necessary . And in the case of Bush v. Critchfield, 4 Ohio, 103, it was held, by the Supreme Court of this state, that where the. .guarantors had covenanted that their principal should sell and account for all merchandise placed in his hands by the plaintiff, within .a stated period, no notice of the non-performance by the principal was necessary. To the same effect is the case of Douglass v. Howland, 24 Wend. 35; also, Hammond v. Gilmore's Adm’r, 14 Conn. 479.
Demand and notice, however, ai’e requisite to charge a guarantor, where the fact on which his liability is made dependent rests peculiarly within the knowledge of the guarantee, or depends on his option. But where the fact which determines the liability, is one which the .guarantor knows, or is bound to know, or which is equally within the power of both parties to ascertain; in other *words, where each party has, in legal contemplation, equal means of information, the guarantor must take notice at his peril. Farwell v. Smith, 12 Pick. 83, 87; Davis v. Duvall, 4 Wash. C. C. 181; also, Wyse v. Wakefield, in the Court of Exchequer, 6 Meeson & W. 442. The application of the rule requiring demand and notice, founded on the reasons above mentioned, is cleared of all difficulty, in case of the guaranty of the goodness or collectability of a debt. ‘The contingency upon which the liability is made dependent, rests upon the action of the guarantee, and depends on his option. The result of his efforts to enforce the liability of the principal, and the period of their termination, are of necessity peculiarly within his knowledge. He is, therefore, reasonably and properly, required to .give notice to the guarantor of the default of the principal, before bringing suit upon the guaranty. Grier v. Ricks, 3 Devereaux, 62 ; Adcock v. Fleming, 2 Dev. & Bat. 225; Lewis v. Bradley, 2 Iredell, 303; and Sylvester v. Downing, 18 Vt. 32.
T.n the cause before us, the engagement of the defendant was the .guaranty of payment after final process. This required the plaintiff to prosecute the original liability to final process; and the fact upon which the contingency of the defendant’s liability was made ¡to depend, consisted in non-payment after the requisite remedy for *268 the collection of the claim had been used. And this, depending upon the action of the plaintiff, left the default, after the termination of the efforts for collection, peculiarly within his knowledge; so that notice to the defendant of the default would have been essential, before his liability could have been enforced, had it not been dispensed with by the circumstance hereafter noticed, which took the case out of the operation of the rule.
The ground, however, upon which notice of the default of the principal is required, in case of guaranty, clearly distinguishes it from the notice required to charge an indorser, in the ordinary ease of the indorsement of commercial paper. The latter is entitled to strict notice, without delay, and without regard to *consequonees. But in case of guaranty, notice of the default is sufficient, if it be given in a reasonable time. In the cases of Wildes v. Savage, 1 Story, 22, and Howe v. Nichols, 22 Maine, 175, the adjudications on this subject are very fully reviewed, and the doctrine shown to be well settled that, in order to discharge a guarantor from liability on the ground of want of notice, there must be not only a want of notice of the default within a reasonable time, but there must be also some actual loss or damage thereby sustained by the guarantor; and if the loss or damage does not go to the whole amount of the claim, but is only in part, that the guarantor is not wholly discharged, but only pro tanto, or, according to the extent of the loss. If the principal be solvent when the note falls due, a-nd the requisite notice be not given to the guarantor, and the principal afterward, and before notice, becomes insolvent, the guarantor is discharged. But where the notice could have afforded no benefit to the guarantor, and he has suffered no actual loss by want of it, he is not discharged by the omission to give it. Where, therefore, the principal is insolvent when the debt becomes due, .or where the duty is first imposed on the guarantee to require payment, and continued insolvent, notice to the guarantor, being unnecessary, is dispensed with; and it is said that, in such case, even a demand upon the debtor is not ordinarily required. This doctrine seems to be fully sustained by the leading authorities in England. Warring-ton v. Furbor, 8 East, 242; Phillips v. Astling, 2 Taunt. 206 ; Holbrow v. Wilkins, 1 Barn. & Cress. 10; and Van Wart v. Wooley, 3 Barn. & Cress. 489. In the last case Lord Tenterden said, ‘“That in ■cases of guaranty, the nature of the transaction, and the circumstances of the particular case, were to be considered and regarded, *269, 270 and that, where the debtor had become bankrupt, a demand on him was unnecessary to charge the guarantor.” And these cases are full to the effect, that where it does not appear that the guarantor has sustained any damage or loss, either from want of due presentment to the debtor for ^payment, or from the want of due notice of the default, the guarantor is not discharged. The same-doctrine is pointedly asserted in the case of the Oxford Bank v. Hayes, 8 Pick. 423, and recognized in Gibbs v. Cannor, 9 Serg. & Rawle, 202. And the case of Reynolds v. Douglass, 12 Peters, 497, decided in the Supreme Court of the United States, is a leading-case, to the effect that the guarantor is bound without notice, where the principal is insolvent at the time when the debt becomes due;, and that this liability continues, unless the guarantor can show that he has sustained some actual prejudice by the want of due notice of the default of the debtor; and that, if any actual loss has been sustained, he will be discharged only to the amount of damage sustained. This was to the full extent affirmed in the case of Rhett v. Poe, 2 How. 484.
The application of this doctrine, therefore, which appears to be founded in reason and well settled by authority, to the cause under-consideration, removes all difficulty in the determination of the first point. It is shown, by the agreed statement of facts in the case, that the principal debtor (Boner) was wholly insolvent when the note fell due, and ever afterward remained so. Notice of his default, therefore, became unnecessary, and was dispensed with ; and the want of such notice constituted no ground of defense in the court below.
2. Did the delay, which occurred in the prosecution of the claim against the original debtor, interpose any bar to the plaintiff’s recovery ? The note became due on the 5th of March, 1850, but suit, was not commenced on it till-the 13th day of January, 1851; being' the lapse of a little over ten months after the maturity of the bebt. Judgment, however, was taken against him on the 25th day of January, 1851; and, on the same day, execution was issued on the judgment, which, on the 20th day of February, 1851, was returned, “ No goods or chattels found whereon to levy.” The debt, therefore, remained unpaid after *final process ; so that the contingency occurred against which the guarantor stipulated. But, it is claimed that the suit was not Boner in due *271 and that, upon this ground, the defendant was discharged from his liability.
It was incumbent on the plaintiff to prosecute the claim against the principal debtor to final process. The terms of the guaranty required this. The stipulation of the defendant was to insure the payment after final process. Nothing could dispense with this proceeding against the principal; for it was essential to produce the event by which, alone, the liability of the defendant could be fixed. But there is nothing in the terms of the guaranty expressly fixing or prescribing the degree of diligence to be used, or the time within-which the proceeding should be instituted. Where, by the terms-of a contract, however, an act is required to be done, but the time for-doing it is not expressly prescribed, the law, by implication, requires that it shall be done within a reasonable time.
It is sometimes the case, that the terms of a guaranty fix the degree of diligence to be used, or the time and manner in which the proceedings shall be prosecuted against the principal; and where this is the case, it has been held that the terms of the guaranty-must, in this respect, be strictly pursued, otherwise the liability of the guarantor will be discharged. Such appears to be the effect of the case of Dwight v. Williams, 4 McLean, 582; also, White v. Case, 13 Wend. 543; and Eddy v. Stanton, 21 Wend. 255. In the-
last case, the court say, in their reasoning, that although the principal debtor may be said to be insolvent, yet it is impossible to anticipate the fruits which may arise from the due prosecution of the-claim. Property may be discovered, or some friend come forward and satisfy the debt, etc. But in these and other cases referred to-, the attention of the court appears to have been directed to the question, whether the legal remedies could, for any cause be dispensed with, rather than the time within which they should be prosecuted.
*But the case before us is clearly distinguishable from the cases referred to. The defendant, in the agreed statement of facts, admitted that at no time after the note became due could any part of if have been collected from the principal debtor. The stipulation in the guaranty was to warrant payment after final process. The reasonable time implied for the pursuit of the legal remedy, had relation to all the circumstances surrounding the case. The object in requiring diligence in the proceeding against the principal, was safety to the guarantor. And, inasmuch as it was apparent, when the note became due, that nothing could be collected from Boner, a- *272 •delay of a few months in commencing suit against him, operated beneficially to the guarantor, as it was indulgence to him, and .afforded time to the principal debtor to accumulate means. There is, certainly, no sensible and substantial reason why this delay should operate to discharge the guarantor. This is not a case requiring the application of the strict and arbitrary rules of the mer■cantile law, sometimes so essential to secure promjrtness and vigilance, with a view to certainty and confidence in commercial "transactions. And the defendant can not claim for himself-the observance of that strictness sometimes allowed in favor of sureties, for his engagement does n’t stand upon the_ consideration of the ■original debt, but is founded on an independent e msideration, for his own benefit. Had the defendant specially stipulated in the contract for diligence on the part of the plaintiff in commencing suit .against the maker of the note, or had he specially directed it to be •done, he might, with some reason, insist on the non-compliance by the plaintiff as a ground for his discharge. Or had the defendant ■suffered loss by the delay in the proceeding against the maker of the note, he would certainly be entitled to a discharge from his liabilities — so far, at least, as he had been damnified. But since he has been in nowise whatsoever prejudiced by the delay, there exists no just and substantial reason for his discharge from his liability on this ground.
*We are of opinion, therefore, that there is error in the proceedings of the court below.
Judgment of the common pleas reversed, and the cause remanded for Jurther proceedings.
Sherman, J., dissented.