## Murray *v.* Grover, Appellant.

*Negotiable instruments—Promissory notes—Demand notes—Demand for payment — Reasonable time — Negotiable Instruments Law, 1901, P. L. 194, sections 71 and 193.*

In an action against an endorser upon a promissory note, payable upon demand, where no qualifying circumstances were shown and no explanation was offered for the delay, presentation of the note 23 months after date was not presentation within a reasonable time as required by section 71 of the Negotiable Instruments Act of 1901, P. L. 194.

Argued October 16, 1922. Appeal, No. 113, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, April T., 1921, No. 818, on verdict for plaintiff in the case of Bernard J. Murray v. Edwin A. Grover. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit upon a promissory note. Before GORMAN, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of plaintiff in the sum of $587.56, and judgment was entered thereon. Defendant appealed.

*Errors assigned,* inter alia, were refusal to give binding instructions for defendant and refusal to enter judgment for defendant non obstante veredicto.

*A. S. Ashbridge, Jr.,* for appellant.—What is reasonable time for presentment of a note is a question of law for the court: Muncy Boro. School District v. Com., 84 Pa. 464.

Delay of twenty-three months is an unreasonable time: Tyler v. Young, 30 Pa. 143; McCormick v. Armstrong, 19 Pa. District Rep. 23.

*Jere J. Crowley,* for appellee.—The courts have not fixed upon any particular time as a reasonable time within which to present papers payable on demand or at sight, but what is a reasonable time depends on all the circumstances of each particular case: Jones v. Jenkintown National Bank, (Pa.) 13 Atl. 84; 8 Corpus Juris, 537, p. 751.

OPINION BY LINN, J., November 23, 1922:

On April 9, 1919, Joseph A. Murray & Co., Inc., made its promissory note for $500, payable to the order of B. J. Murray on demand, at 621 Widener Building, Philadelphia, with interest at six per cent. It was endorsed by Joseph A. Murray and Edwin A. Grover.

The payee, Bernard J. Murray, brought suit against the endorser Edwin A. Grover to enforce payment, averring a demand for payment on March 7, 1921, with refusal and protest. On the trial the note was put in, and the endorsement, demand, nonpayment and protest were proved as averred. No evidence was offered by defendant. The court instructed the jury to find for the plaintiff and declined to direct a verdict for defendant. He appealed and now contends that the court erred in deciding that presentment for payment nearly 23 months after the note was issued was within a reasonable time under the Negotiable Instruments Law, 1901, P. L. 194.

As the record contains nothing excusing presentment for payment under section 80, presentment was necessary under section 70 to charge the endorser Grover. Section 71 provides "......where it [the instrument] is payable on demand, presentment must be made within a reasonable time after its issue......" Section 193 provides: "In determining what is a 'reasonable time' or an 'unreasonable time' regard is to be had to the nature of the instrument, the usage of trade or business, (if any), with respect to such instruments, and the facts of the particular case."

As no qualifying circumstances were shown, the question simply is whether on this record presentment after twenty-three months was within a reasonable time.   In Taylor v. Young, 3 Watts, 339 at 343, Chief Justice GIBSON, said, "A draft or bill made payable at no particular time, is payable immediately; and to charge the drawer or an endorser, it must be presented for payment in a reasonable time after the receipt of it.   In this case the draft was held back for nearly eight months; a length of time which, in ordinary cases, is out of all reason."   See also Tyler v. Young, 30 Pa. 143.   Without adequate explanation, twenty-three months was not a reasonable time, and the court erred in directing a verdict for the plaintiff.   The judgment must be reversed, and in the light of what was stated to the court at the oral argument, we shall afford the parties another trial.

Judgment reversed with a venire facias de novo.