## Sullivan Smythfield Co., Appellant, *v.* Welsh.

*Guaranty—Contract of—Terms—Statement of claim—Sufficiency—Act of July 24, 1913, P. L. 971.*

In an action of assumpsit on a written guaranty, the contract

414 SULLIVAN SMYTHFIELD CO., Appel., *v.* WELSH.

Syllabus—Assignment of Errors. [91 Pa. Superior Ct.

was as follows: "The purchase of Mr. W. Murray Berger from you this week I will personally guarantee."

The plaintiff averred that relying upon said guaranty, he had delivered merchandise for which he had not been paid. The defendant filed an affidavit of defense, raising questions of law, that the statement did not aver acceptance and that the contract related to past and not future purchases.

*Held:* That the statement was sufficient to support the action.

The defendant, by his written agreement, covenanted to answer for the default of Berger and the instrument contained no words which in substance meant that he did not intend the contract to be a suretyship. Under the provisions of the Act of July 24, 1913, P. L. 971, the defendant thus became subject to the liability of a surety. The plaintiff was not, therefore, required to aver or prove that he had used due diligence to collect the claim from Berger or that the latter was insolvent. Nor was it necessary that notice be given in advance of the acceptance. The reason for requiring notice is to enable the guarantor to know the nature and extent of his liability, so that he may guard himself against losses. Reasonable notice after the sale had actually been made was all that was necessary.

Argued October 27, 1926. Appeal No. 225, October T., 1926, from judgment of M. C. Philadelphia County, February T., 1926, No. 692, in the case of Sullivan Smythfield Company, a corporation, v. Samuel B. Welsh, trading as "Scarlett." Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Assumpsit on contract of guarantee. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

The Court entered judgment in favor of defendant. Plaintiff appealed.

*Errors assigned* were various findings of fact and the judgment of the Court.

*David Stock,* and with him *James J. O'Brien,* and *Fox and Rothchild,* for appellant.

*Edwin Fischer,* and with him *Abraham M. Rose,* for appellee.

OPINION BY PORTER, P. J., March 3, 1927:

The plaintiff in this action of assumpsit filed a statement averring that on May 18, 1925, the defendant promised the plaintiff that he would guarantee and pay the plaintiff for any merchandise plaintiff sold and delivered to W. Murray Berger during the ensuing week, said agreement of guarantee being in writing; that "relying upon the promise and guarantee of the defendant the plaintiff on May 19, 1925, with due notice to the defendant, sold and delivered to W. Murray Berger goods and merchandise [here follows a description of the goods] of the aggregate value of $744.82," and that defendant notwithstanding said guarantee had refused to pay the said amount due. There was attached to and made part of the statement a copy of the alleged written contract of the defendant, which was specifically addressed to this plaintiff, and which is in the following words:

"The purchase of Mr. W. Murray Berger from you this week I will personally guarantee.

Samuel B. Welsh.

Witness:
A. P. Leidy."

The defendant filed an affidavit raising questions of law: (1) That the statement did not aver that there had been an acceptance of the guarantee and, for that reason, disclosed no cause of action against the defendant; (2) That if the paper did constitute a contract of guarantee by the defendant, it related to a past and not a prospective purchase. The learned judge of the court below was of opinion that the statement filed by the plaintiff was defective, in that it disclosed that the sale of goods was made subsequently to the

date of the written guarantee, and that it failed to aver that plaintiff had given notice of the acceptance of the guarantee to the defendant, and, for this reason, sustained the statutory demurrer and entered judgment in favor of the defendant.

Counsel for appellee has suggested in his brief that the paper addressed to the plaintiff and signed by the defendant did not constitute a contract of guarantee, in that it *"is not expressive of any intent to pay the purchase price of the merchandise or that the purchase price is guaranteed."* This contention is without merit. The legal import of the term "guarantee" is a promise to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person, who in the first instance is liable: Johnston v. Chapman, 3 Penrose & Watts 18; Woods v. Sherman, 71 Pa. 100. The meaning of the paper which Welsh signed and addressed to this plaintiff was that he would be personally responsible for purchases made by Berger from the plaintiff. The contention of the defendant that the paper should be construed as referring only to past purchases and not to those made by Berger in the future is equally unfounded. We are of opinion that the averment of plaintiff's statement that the sale and delivery of the goods was in reliance upon the guarantee might properly be sustained by oral evidence as to the circumstances under which the paper was executed by the defendant and delivered to the plaintiff: Aldridge v. Eshleman, 46 Pa. 420. We have no doubt that the parties meant purchases, both past and future, made during the then current calendar week.

The defendant by his written agreement covenanted to answer for the default of Berger and that written agreement contained no words which in substance meant that he did not intend the contract to be a suretyship. By the express provisions of the Act of

July 24, 1913, P. L. 971, the defendant thus became subject to the liabilities of a surety. The plaintiff was not, therefore, required to aver or prove that he had used due diligence to collect the claim from Berger, or that the latter was insolvent. It is not necessary in this case to decide whether the defendant was entitled to notice that his covenant of guarantee had been accepted. Even if it were assumed that the defendant was entitled to notice, it was not necessary that notice should ge given in advance of the acceptance. The reason for requiring notice is to enable the guarantor to know the nature and extent of his liability, so that he may guard himself against losses and reasonable notice after the sale has actually been made is all that is necessary: Acme Mfg. Co. v. Reed, 197 Pa. 359. The plaintiff in its statement averred that the sale was made, "with due notice to the defendant." If the plaintiff proves all the facts alleged in his statement he is entitled to recover, and the learned judge of the court below erred in entering judgment in favor of the defendant.

The judgment is reversed and the record remitted for further proceedings.