## Vogt Farm Meat Products Company v. Kehler.

*Judgment—Confessed judgment—Striking off—Non-negotiable note.*

1. Authority in a promissory note to confess judgment before the date of the maturity of the note renders it non-negotiable; and the fact that judgment was not entered until after the maturity of the note does not make it a negotiable instrument.

2. A note payable to the maker is not on its face an obligation to pay any one; but if the maker-payee endorses it, and passes it to another by simple delivery, the note is the same as if it had been made payable to the maker or bearer.

3. Where a judgment note is made payable to the order of the maker, and the maker endorses it and delivers it to another, and the latter enters judgment thereon, the judgment is good on its face and cannot be stricken off on a rule to strike off.

4. If, however, the maker has a legal defence, he may, upon a proper showing of fact, be allowed a rule to open the judgment to let in the defence.

5. The payee of a non-negotiable paper does not become an endorser by writing his name on the back of it; but proof may be made of the actual agreement under which the endorsement was made.

6. Where a note is drawn out of the usual form, it is to be construed according to the understanding of the parties.

7. If a judgment is irregularly or illegally entered, there is no time limit restricting the power of the court to strike off such judgment, provided it was not entered adversely after a hearing or trial.

Rule to strike off judgment. C. P. Schuylkill Co., Nov. T., 1923, No. 376.

*Otto E. Farquhar*, for plaintiff.

*L. L. Frank* and *J. F. Mahoney*, for defendant.

KOCH, J., Jan. 24, 1927.—The judgment was confessed upon a note reading as follows:

"$1000.00.                                    Harrisburg, Pa., Feb. 2, 1923.

"Ninety days after date I promise to pay to the order of myself at the Commonwealth Trust Company, the sum of one thousand dollars, with interest, without defalcation, for value received; and do hereby confess judgment for the above sum, with costs of suit and attorney's commission of 5 per cent. for collecting and waiving right of inquisition, appeal, stay of execution and exemption of real and personal property.

"Witness.                                    ALICE KEHLER [Seal]."

The reverse side of the note bears two endorsements, the first being "Alice Kehler" and the second "Vogt Farm Meat Products Co. Ray I. Mahler, Treasurer."

The petition for the rule avers:

"4. That there is no authorization or direction in said note for the entry of judgment thereon against your petitioner by the said plaintiff.

"5. There is not in or upon said note any transfer or assignment of said note to the plaintiff in said case, and there is no such assignment or transfer made a part of the record in said case."

The note is not a negotiable instrument: Milton National Bank *v.* Beaver, 25 Pa. Superior Ct. 494. The negotiability of a promissory note is not affected by the facts that it "authorizes a confession of judgment if the instrument be not paid at maturity, or waives the benefit of any law intended for the advantage or protection of the obligor:" Section 5, Act of May 16, 1901, P. L. 194; nor by the fact that it bears a seal: *Ibid.*, section 6; nor by the fact that it is to be paid "with costs of collection or an attorney's fee, in case payment shall not be made at maturity:" *Ibid.*, section 2. But the note before us is affected by a condition which renders it non-negotiable, to wit, "And do hereby confess judgment," etc., because these words authorize the confession

of judgment before the date of the maturity of the note: Volk v. Shoemaker, 229 Pa. 407. However, the judgment was not entered of record until more than ninety days after the date of the note, the same having been entered to our November Term of 1923, whereas, the note is dated Feb. 2, 1923. But, that fact does not make it a negotiable instrument.

Now, since the note is made payable to the maker herself, it is not on its face an obligation to pay any one: Southern Lime and Stone Co. v. Baker, 281 Pa. 587, 591. To make the note complete and effective, it required assignment or endorsement by the maker-payee: Ibid., page 593. And the note is endorsed by Alice Kehler, the maker-payee. Thus, it has become a complete, non-severable, indivisible contract, which she herself could pass to another by simple delivery, the same as if the note had been made payable to herself or bearer, as in the case of Vietor et al. v. Johnson, 148 Pa. 583. In the case just cited, the note read as follows:

"$12,500.                              Wilkes Barre, Pa., November 12th, 1889.

"Four days after date I promise to pay to myself or bearer twelve thousand five hundred dollars ($12,500) value received, without defalcation with interest, and I do hereby confess judgment for the said sum waiving inquisition and all exemption laws.

"Witness my hand and seal.                         R. P. JOHNSON   [Seal]."

Upon that note, without more, judgment was confessed in favor of George Frederic Vietor et al. against Johnson. The defendant was sold out under execution, and the auditor allowed the judgment to participate in the distribution of the proceeds of the sale of Johnson's property.

Among the exceptions filed to the auditor's report were:

"3. The auditor erred in not finding as matter of law that the note on which the judgment of Vietor & Achelis was entered was a void instrument and did not warrant the entering of judgment and the issuing of execution.

"4. The auditor erred in finding as matter of law that the entry of judgment on the note of Vietor & Achelis, as bearers, was irregular and void."

The exceptions were dismissed, the Supreme Court affirming the judgment in a per curiam, saying: "We cannot sustain any of the specifications of error. The principal contention was over the judgment of Vietor & Achelis, which the appellants contended was a void instrument and did not warrant the entering of judgment and the issuing of execution: See second specification. We cannot say that it was a void instrument. It was a note for $12,500, payable to the maker or bearer, with a confession of judgment for that sum. Upon this note judgment was entered by the firm, Vietor & Achelis, bearers, through their attorney. The consideration of the note was the subject of inquiry, both by the auditor and the court below, aided by the verdict of the jury in a feigned issue. We think it was entitled to participate in the distribution."

If the note in suit was given by Alice Kehler herself to the plaintiff for a valuable consideration, the plaintiff had the right to enter judgment in its own name, because she herself authorized the entry of judgment. But, upon a proper showing of facts, she could have the judgment opened to let her into a defence.

The payee of non-negotiable paper does not become an endorser by writing his name on the back of it. But proof may be made of the actual agreement under which the endorsement was made. If the agreement was that he should be responsible for its payment, such agreement, if for a sufficient consideration, may be enforced: Shaffstall v. McDaniel, 152 Pa. 598. In the case just

cited, the defendant endorsed a judgment note under seal, of which he was the payee, and over his signature was written, "I guarantee the within note's payment." Upon trial, the verdict was for the plaintiff, and the defendant appealed and the judgment was affirmed. Mr. Justice Williams said, on page 600: "It is well settled that the payee of a non-negotiable instrument does not become an endorser by writing his name on the back of such instrument. Such act, standing by itself, imposes no liability on him whose name is so written: Leech v. Hill, 4 Watts, 448. But proof may be made to show the actual agreement of the parties under which the endorsement of the payee's name was made. If the agreement was that the payee should become responsible for the payment of the note by the maker, either as surety or as guarantor, such agreement may be enforced if made upon a sufficient consideration. If, on the other hand, it was a simple undertaking to become liable for the debt of another, the agreement would be void under the statute of frauds: Wilson v. Martin, 74 Pa. 159."

"Where a note is drawn out of the usual form, it is to be construed according to the understanding of the parties:" Leech v. Hill, 4 Watts, 448. In the Leech case, Mr. Justice Sergeant said: "When bills of exchange and promissory notes are drawn according to the established usage among merchants, they have certain properties by law annexed to them, which are well defined and are presumed to be known to all that become parties to these instruments. If a note be endorsed by the payee, to whose order it is drawn, such endorsement is an undertaking by him to pay the amount at the time appointed, if the maker do not, provided the holder takes care to make a demand on the maker and to give due notice to the endorser on default of payment. But where a note is drawn and endorsed out of the usual form, it is an anomalous instrument; and I know of no other rule by which it is to be construed than according to the contract and understanding of the parties exhibited in the evidence. What would be the effect of a blank endorsement of a note drawn to the order of another person, unaccompanied by evidence, it is unnecessary to examine. In the case before us the evidence is clear that the endorsement was intended by all concerned to be a security to Hill for a loan of money to Sample, and that the note was drawn in its present shape by Sample, who acted as the agent of all parties."

There is nothing apparent on the face of the record to warrant our making the rule absolute.

If a judgment is irregularly or illegally entered, there is no time limit restricting the power of the court to strike off such judgment, provided it was not entered adversely after hearing or a trial. As a general rule, a judgment regular on its face will not be stricken off, but when it is entered wholly without authority, it may be stricken off: Saupp v. Streit, 258 Pa. 211; Long v. Lemoyne Borough, 222 Pa. 311. In Johnson v. Royal Ins. Co. of Liverpool, 218 Pa. 423, the syllabus says: "A judgment can be set aside or stricken off only on the ground of irregularity or invalidity appearing on the face of the record. The court may for sufficient cause, under its equitable powers, open a judgment and let the defendant into a defence. The two proceedings are entirely different. No court has power to strike off a judgment regular on its face; and no facts *dehors* the record will justify a court in setting aside or striking off a judgment."

"A warrant of attorney for the confession of judgment on a bond is given in aid of the collection of the debt, and, when unrestricted, will be construed to be as broad as the obligation of the bond and to extend to the owner thereof by assignment."

Vogt Farm Meat Products Company *v.* Kehler.

Our conclusion is that the judgment in this case must remain as entered until it is attacked in some other manner in which the equities between the parties may be made to appear to the advantage of the defendant.

The rule is discharged.                    From M. M. Burke, Shenandoah, Pa.