The Quaker City National Bank *v.* O'Callaghan,
Appellant.

Argued October 17, 1928.

Before Henderson, Trexler, Keller,
Linn, Gawthrop and Cunningham, JJ.

*Albert T. Bauerle,* for appellant.

*Stanley B. Rice,* and with him *Sloan, White & Sloan,* for appellee.

OPINION BY KELLER, J., December 13, 1928:

This was an action of assumpsit on a written contract of suretyship under seal. See Lorah v. Nissley, 156 Pa. 329. The court below entered judgment for want of a sufficient affidavit of defense.

Since the passage of the Act of July 24, 1913, P. L. 971, the contract must be construed as one of suretyship, not guaranty: Miners State Bank v. Auksztokalnis, 283 Pa. 18; Sullivan Smythfield. Co. v. Welsh, 91 Pa. Superior Ct. 413. It was not necessary, therefore, to proceed against the principal before bringing suit against the surety: Supplee v. Herrman, 16 Pa. Superior Ct. 45.

The contract of suretyship, though it related to a promissory note payable on demand, was a separate instrument and did not constitute the defendant an endorser of that note; hence the rule discharging an endorser on a demand note unless it is presented for payment within a reasonable time (Murray v. Grover, 80 Pa. Superior Ct. 56; Negotiable Inst. Law of 1901, P. L. 194, Secs. 70, 71) does not apply to this defendant. Furthermore, it was expressly provided in the contract that the time of payment of the note might be extended without notice to the defendant or further assent by him, without affecting his obligation to pay, and demand of payment from the maker, protest, and notice of protest, were all waived. Averments in the

affidavit of defense that no demand for payment of the note had been made on the maker are, therefore, ineffectual: Bolles Penna. Law of Negotiable Instruments, p. 151. The averments as to the failure of the plaintiff to reduce and apply the collateral deposited with the note as security are insufficient. The affidavit does not aver that the collateral was surrendered to the maker as in Franklin Savings & Trust Co. v. Clark, 283 Pa. 212, 215, and Fegley v. McDonald, 89 Pa. 128, or that it had been sold and money realized from it, but only that the plaintiff has failed to apply it in payment of the note. This it was not bound to do, before proceeding against the surety. If defendant pays the obligation he will be subrogated to the note and collateral: Denny v. Lyon, 38 Pa. 98, 102. The affidavit does not aver any demand by the defendant on the plaintiff to dispose of the collateral, nor any loss resulting from a refusal following such demand. In fact, it contains no averment at all as to the value of the collateral.

On the whole it was insufficient to prevent judgment. The judgment is affirmed.