## The Colonial Trust Company v. Morse et al.

*Harry Shapiro*, for plaintiff; *Frank A. Harrigan*, for defendant.

LEWIS, J., Nov. 10, 1928.—The defendant, J. H. Lorimer, sets up as defenses to this action against him as endorser of a promissory note: First, that the note having been executed and delivered Dec. 22, 1924, with his endorsement thereon, and no demand for payment having been made upon the maker until June 30, 1926, he, as accommodation endorser, was discharged from liability; and, secondly, that plaintiff should have collected the amount of the note from the maker's interest in an estate which had been assigned to plaintiff as collateral.

While our conclusion upon the first defense renders any consideration of the second unnecessary at this time, it is to be noted that the affidavit of defense contains no averment that plaintiff's failure to pursue the collateral has resulted in any loss. For all that appears, it may still be available. There can, however, be no doubt as to plaintiff's right to proceed on the note: Marquardt's Estate, 251 Pa. 73, 76.

Plaintiff concedes, as it necessarily must, that if the instrument sued on were negotiable, the delay in presentment for payment would discharge the accommodation endorser. The note in this case, however, contains a warrant of attorney to confess judgment against the maker "as of any term," and since this includes entry of judgment before maturity, the instrument is non-negotiable: Volk v. Shoemaker, 229 Pa. 407; Milton National Bank v. Beaver, 25 Pa. Superior Ct. 494. The provisions of the Negotiable Instruments Law are, accordingly, inapplicable: 5 Uniform Laws, Annotated, 12.

The argument is, therefore, made that, since the note is not negotiable, neither the law merchant nor the Negotiable Instruments Act applies; that the legal effect of defendant's endorsement was to make him liable as a guarantor of the instrument, and as such he was not entitled to have the instrument presented for payment within the usual reasonable time. The statement in 3 Ruling Case Law, 1172, would seem to support this contention: "The requirement of presentment as understood in the commercial law applies only to instruments governed by that law, that is, negotiable instruments; it has no application to non-negotiable instruments. In an action upon a non-negotiable promissory note by an assignee thereof against his assignor, it is not necessary for the assignee to show diligence against the maker, and the want of diligence is no defense to the plaintiff's right to recover. The indorser is not entitled to the usual privilege of an indorser of negotiable paper. He stands in the relation of a principal, and not surety, to his indorsee, and has no right to insist upon a previous demand of the maker and notice of non-payment."

In the same volume, however, we find (page 1220) : "The liability of the indorser of a non-negotiable instrument is not contingent upon demand of payment and notice of dishonor. One who writes his name on the back of a non-negotiable note is liable as guarantor or maker to the holder thereof, and is not entitled to have the instrument presented for payment when due or to be given notice of non-payment. While some diversity of opinion has existed on the point, the law has become well settled that a promissory note payable on demand, whether with or without interest, is due forthwith; it is not a continuing security on which an indorser remains liable until actual demand; but, to charge the indorser, payment must be demanded of the maker within a reasonable time, and notice of such demand and of non-payment given to the indorser."

The authorities are quite at variance regarding the liability of irregular endorsers, no distinction being drawn in some states between instruments which are negotiable in character and those which are not, the presumptive liability of endorser being the same in either case: 8 Corpus Juris, 59. The same authority states: "In still other states, including Pennsylvania, it seems that there is no presumptive liability, but that his relation depends on the agreement under which his indorsement is made."

In Lang v. Fegenbush, 2 Phila. 20, Judge Hare's opinion sustains the above statement of law: "The endorsement of a note which wants words of negotiability has no definite or legal import and depends for its effect on the circumstances under, and the consideration for, which it is given. Hence, it

raises no presumption either for or against the endorser and makes the question of his liability one of mere fact, to be decided upon all the evidence in the cause, as in ordinary cases of guaranty. . . . Full justice was, therefore, done to the defendant in the present instance by instructing the jury that his endorsement alone would not make him answerable to the plaintiff and that his liability depended on whether his intention was to enable the maker to obtain credit from the payee and whether the latter gave credit on the faith of the endorsement." See, also, Leech v. Hill, 4 Watts, 448.

Here the defendant admits that he endorsed the note "as an accommodation endorser for the maker," whereupon plaintiff advanced to the maker $2000, the face amount of the note.

In 8 Corpus Juris, 59, we find it stated regarding non-negotiable instruments:

"The general rule is that demand of payment of the maker or notice of dishonor is not necessary to fix the liability of the indorser to the indorsee where such a liability exists, since the rules of the law merchant concerning notice apply to none but strictly commercial instruments. And this is so although he writes the word 'indorser' after his signature.

"On the other hand, the contrary rule has been laid down in a few states, including Arkansas, Indiana, Minnesota, Tennessee and Vermont. And in California it is held that if the indorsement shows an intent to treat the same as an indorsement of a negotiable note, demand on the maker of the non-negotiable note is necessary."

Cited as supporting the general rule given above is the early case of Jordan v. Hurst, 12 Pa. 269, but that case was quickly repudiated in the cases next cited.

A careful study of the opinions in McKinney v. Crawford, 8 S. & R. 351; Brenzer v. Wightman, 7 Watts & S. 264; Patterson v. Todd, 18 Pa. 426; Tyler v. Young, 30 Pa. 143, has led us to the conclusion that we cannot enter judgment against defendant at this time. Consideration of the same cases by President Judge Simonton in Harrisburg National Bank v. Moffitt, 10 Dist. R. 22, convinced him that there could be no recovery against an accommodation endorser of a negotiable promissory note, payable on demand, where the holder failed to make formal demand of payment upon the maker within a reasonable time. See, also, McCormick v. Armstrong, 19 Dist. R. 23. It is rather a technical rule that makes the note in this case non-negotiable, and we see no reason, on principle, why the defendant should not be entitled to the same rights as he would have if the note had been negotiable, unless, of course, it can be shown that his undertaking was in fact broader than that of accommodation endorser. Plaintiff has averred in its statement of claim that the defendants orally agreed to guarantee the payment of the note. In Leech v. Hill, 4 Watts, 448, it was said: "If the defendant stood in the light of a guarantor, then, according to the opinion of this court in Gibbs v. Cannon, 9 S. & R. 198, the plaintiff was not subject to all the duties of a holder of a note towards an indorser." The language of the court in the Leech case would appear to be very much in point here and would indicate that the defendants must be viewed as sureties or guarantors. In that case, however, the note was payable a specified time after date.

Some confusion in thought exists in the decisions from a failure to distinguish between the necessity for demand of payment and notice of dishonor to establish the liability of the endorser and the necessity of a demand for payment upon the maker within a reasonable time in order to charge the endorser. See 8 Corpus Juris, § 737, page 525. Thus in Joyce's "Defenses to

Commercial Paper" (2nd ed.) it is stated broadly that "in case of non-negotiable notes, demand is not necessary to charge the indorser. . . ." (page 1065).

While the endorser may be chargeable from the inception of his undertaking, we have concluded that the holder of the note is not without some duty to him regarding the time within which the instrument, payable on demand, must be presented to the maker for payment. Altogether, the matter is not free from doubt, and we are disposed to let the matter go to trial to ascertain whether any additional light can be thrown upon the agreement of the parties at the time the loan was granted.

The rule for judgment is accordingly discharged.

NOTE.—Paragraphs 2 and 3 of syllabus are by the Court.—Ed.