## Bricker Baking Company v. Sweigart.

Charles W. Eaby and F. S. Groff, for plaintiff.
H. Frank Eshleman, for defendant.

LANDIS, P. J., April 19, 1930.—On March 4, 1929, the Bricker Baking Company entered into a written agreement with Clarence B. Hershey, whereby it agreed to sell and deliver to Hershey bread and other baker's products, and that it would extend to him a credit for bread and other baker's products not exceeding $400. Hershey agreed to furnish to the Bricker Baking Company security for the payment of the purchase of bread and other baker's products not exceeding $400. On March 5, 1929, at the bottom of said agreement, the defendant signed the following:

414

"For value received, I hereby become surety to the Bricker Baking Company for the payment of bread and other baker's products sold by said Bricker Baking Company to Clarence B. Hershey, buyer, on credit, under the foregoing agreement, to an amount not exceeding four hundred dollars."

In accordance with the said written agreement, the Bricker Baking Company sold to the said Clarence B. Hershey bread and other baker's products to the amount of $1043.77. The goods were delivered between June 10, 1929, and July 20, 1929. Between June 28, 1929, and Aug. 26, 1929, Hershey paid to the Bricker Baking Company the sum of $849.32, and it now claims, on the surety agreement of Sweigart, the sum of $194.45, which is the balance of the account unpaid. The defendant's counsel asserts that, as the credit allowed was more than $400, and more than that sum was paid by Hershey, he is not liable for anything on his agreement. Under this view, he has filed an affidavit of defense raising a question of law, and he now asks the court to decree that, under the facts shown, judgment should now be entered for the defendant.

The defendant by his written agreement covenanted to answer for the default of Hershey to the extent of $400. The instrument contained no words which, in substance, meant that he did not intend to contract to be a surety. Under the provisions of the Act of July 24, 1913, P. L. 971, the defendant thus became subject to the liability of a surety: Sullivan Smythfield Co. v. Welsh, 91 Pa. Superior Ct. 413.

It will be noticed that the agreement signed by Sweigart does not stipulate that the Bricker Baking Company would only sell Hershey $400 worth of merchandise. It agreed to extend to him a credit of $400. It could sell him as much more as it liked and Hershey could pay.

It is well settled that where there are items of debit and credit in a running account and the intention of the debtor at the time of making payment to specifically apply them is not shown, either in words, acts or circumstances, they will be appropriated to the discharge of the items first due in the order of account: Philadelphia v. Tradesmen's Trust Co., 38 Pa. Superior Ct. 286; Pardee v. Markle, 111 Pa. 548. And when the debtor makes no appropriation and the creditor does so, the latter may apply it to that item of debt which to him seems least secure: Reed v. Ward, 22 Pa. 144; Hollister v. Davis, 54 Pa. 508; Risher v. Risher, 194 Pa. 164; Chestnut Street Trust and Saving Fund Co. v. Hart, 217 Pa. 506. In this case, the plaintiff company could apply the payments to any part of its debt, for the debtor, Hershey, made no appropriation at the time of payment.

It will be observed that Sweigart's agreement of suretyship did not restrict the quantity of merchandise to be purchased by Hershey to any particular amount. What he did was to become security "for the payment of bread and other baker's products sold by said Bricker Baking Company to Clarence B. Hershey, buyer, on credit, under the foregoing agreement, to an amount not exceeding four hundred dollars." Whether it was the first lot of merchandise or the last which was sold on credit makes no difference; but his liability was limited to $400. It, therefore, seems to me that he is responsible for the deficiency remaining unpaid, as it only amounted to $194.45. In any event, under the circumstances, I am of the opinion that the point of law raised must be decided in favor of the plaintiff.

It is now ordered that the defendant shall, within fifteen days of the filing of this opinion, file a supplemental affidavit of defense to the averments of fact of the statement.

Question of law decided in favor of plaintiff.

From George Ross Eshleman, Lancaster, Pa.